589 P.2d 1309

**STATE of Arizona, Appellee,**

v.

**Cleatis McCleece JACKSON, Appellant.**

No. 4387.

Supreme Court of Arizona,
En Banc.

Jan. 11, 1979.

John A. LaSota, Jr., Former Atty. Gen., Robert K. Corbin, Atty. Gen. by William J. Schafer, III, and Diane M. Ramsey, Asst. Attys. Gen., Phoenix, for appellee.

Trew & Woodford by Thomas M. Pace, Phoenix, for appellant.

HAYS, Justice.

This is an appeal by Cleatis McCleece Jackson from his conviction for robbery and burglary and his sentence of eight years probation. We affirm in part and reverse in part.

Jackson raises three issues on appeal:

1. whether the trial court erred in admitting evidence of prior bad acts;

2. whether there was sufficient independent evidence to support convictions for robbery and burglary; and

3. whether the trial court erred by refusing to instruct on the lesser included offense of theft as requested.

In the early evening, while the victim and three friends were conversing in the victim's apartment, the front door was kicked off its hinges and Jackson and a friend walked in. Jackson introduced his friend as having a "black belt." Jackson then hit the victim in the neck and demanded money. The victim told him he had none. Jackson then went through the victim's pockets and removed some change and also picked up several packs of cigarettes, all of which he placed in his pocket or gave to his friend. While he was picking up the cigarettes, the victim ran out the door and the police were called.

## PRIOR BAD ACTS

Jackson argues that the court improperly admitted evidence of two prior bad acts he allegedly committed. There was testimony from the victim and his landlord that about one month before the incident in question Jackson had demanded money from the victim. When the victim refused he was beaten. About two weeks later Jackson broke down the victim's front door and demanded money from him at knife point.

The state claims that these acts are admissible to show intent and motive. We agree. Rule 404(b), Arizona Rules of Evidence, provides that evidence of prior bad acts is not admissible to show the propensity of the defendant to commit the crime charged, but is admissible as proof of motive, opportunity, intent, preparation, plan, knowledge, identity, or absence of mistake or accident.

■ Jackson had inflicted and threatened to inflict harm on the victim twice before in order to gain money from him. During one of these incidents, he had also broken down the victim's door. These acts tend to show Jackson's motive and intent at the time of the commission of the crimes charged. They fall squarely within the exceptions to the rule and are therefore admissible.

■ Jackson also argues that, even if these acts were admissible, they were not supported by enough evidence to get them to the jury. We disagree. The victim and his landlord testified that two weeks before the occurrence of the incident for which Jackson is charged he had threatened the victim with a knife and demanded money. The victim testified that on an earlier occasion Jackson had beaten him up after demanding money. The landlord corroborated this testimony indicating that he had seen the victim the same day with a black eye and that Jackson told him he pushed the victim. Although we agree that when acts are shown only by vague or uncertain evidence they may not properly be considered by the jury for any purpose, *State v. Marahrens*, 114 Ariz. 304, 307, 560 P.2d 1211, 1214 (1977), we find that substantial

evidence of these acts was presented to the jury. *State v. Mitchell*, 112 Ariz. 592, 594, 545 P.2d 49, 51 (1976).

## SUFFICIENCY OF EVIDENCE

 Jackson argues that there is not sufficient independent evidence to support both the burglary and robbery convictions since the entry element of the burglary and the force or fear element of the robbery were based on the same act, *i. e.*, the kicking down of the door. We do not agree. The burglary charge required only an entry. It did not require the force employed in this case. The robbery charge required force or fear; it did not require an entry. The act of kicking down the door may therefore serve as an element of robbery since the manner of entry is not material to the burglary.

 Jackson also argues that there was not enough evidence to support a conviction for robbery and burglary. We have examined the evidence before the jury and we conclude that it supported each element of each crime charged.

## INSTRUCTION ON LESSER INCLUDED OFFENSE

Finally, Jackson alleges that the trial court erred in refusing to give the jury an instruction on the lesser included offense of theft. In evaluating this argument, we must first determine whether theft is a lesser included offense of the charged robbery.

 The test for such a determination is whether the first or greater offense can be committed without necessarily committing the second or lesser offense. *State v. Branch*, 108 Ariz. 351, 355, 498 P.2d 218, 222 (1972). If the conclusion is negative, the second offense is a lesser included offense. Robbery is defined as the felonious or wrongful taking of personal property, from the person or presence of another, against his will, by force or fear, with the intent to permanently deprive that person of the property. A.R.S. § 13-641; *State v. Brown*, 106 Ariz. 453, 478 P.2d 77 (1970). Theft is

defined as the felonious or wrongful taking of personal property of another with the intent to permanently deprive that person of possession. A.R.S. § 13-661; *State v. Ramirez*, 115 Ariz. 70, 563 P.2d 325 (App. 1977); *State v. Batt*, 24 Ariz.App. 347, 538 P.2d 776 (1975). A comparison of the elements of these two crimes indicates that robbery cannot be committed without also committing theft. We conclude, therefore, that theft is a lesser included offense of robbery.

 Next, we must determine whether Jackson could have been convicted of theft while being acquitted of robbery since a lesser included offense instruction is justified only when there is evidence upon which the jury could convict of the lesser offense and at the same time find the state had failed to prove an element of the greater offense. *State v. Toney*, 113 Ariz. 404, 408, 555 P.2d 650, 654 (1976); *State v. Leon*, 104 Ariz. 297, 300, 451 P.2d 878, 881 (1969). Here, there was evidence supporting all the elements of theft. Had the jury believed that no force or fear was present, it could have convicted Jackson of theft and acquitted him of robbery. Since the evidence before the jury would have supported a conviction of theft and an acquittal of robbery, Jackson was entitled to the requested lesser included offense instruction. *State v. Wilson*, 113 Ariz. 363, 367, 555 P.2d 321, 325 (1976). Failure to give such instruction was error, and since, looking at the instructions as a whole, the trial court did not adequately cover this point, we conclude that Jackson's conviction of robbery was improper.

The burglary conviction and sentence are affirmed.

The robbery conviction is reversed and the case is remanded for a new trial.

CAMERON, C. J., STRUCKMEYER, V. C. J., and HOLOHAN and GORDON, JJ., concur.