608 P.2d 771

**STATE of Arizona, Appellee,**

v.

*Daniel LaVerne DUGAN, Appellant.*

**No. 4749–PR.**

Supreme Court of Arizona,
In Banc.

March 10, 1980.

Robert K. Corbin, Atty. Gen. by William J. Schafer, III, Robert S. Golden, Asst. Attys. Gen., Phoenix, for appellee.

Richard S. Oseran, Pima County Public Defender by Lawrence H. Fleischman, P. Donovan Riddle, Asst. Public Defenders, Tucson, for appellant.

STRUCKMEYER, Chief Justice.

Daniel LaVerne Dugan, appellant herein, petitioned this Court to review a memorandum decision of the Court of Appeals affirming a judgment of the Superior Court, *State of Arizona v. Daniel LaVerne Dugan,* 2 CA–CR 1589, filed June 14, 1979. We accepted jurisdiction, Rule 31.19, Rules of Criminal Procedure, 17 A.R.S. Decision of the Court of Appeals vacated. Judgment of the Superior Court reversed.

At about midnight on October 30, 1977, a U-Totem convenience market was robbed. The market is a typical neighborhood convenience market, open all night, with one employee on duty. Security cameras were located in the store. Dugan lived in the neighborhood and frequently transacted business in the store both before and after the robbery. Dugan was in the market on the night of, and at the approximate time of, the robbery and was recognized by the cashier as a previous customer. Forty six dollars was taken from the cash register. After a three-day trial, Dugan was found guilty of robbery.

Dugan first urges that the trial court erred in refusing to give his requested jury instruction on theft as a lesser included offense to robbery. Theft is defined as the taking of personal property of another and the asportation thereof. A.R.S. § 13–661, subsequently amended, see § 13–1802; *Pass v. State*, 34 Ariz. 9, 267 P. 206 (1928). By Rule 23.3, Rules of Criminal Procedure, 17 A.R.S., a lesser included offense must be submitted to the jury:

> "Forms of verdicts shall be submitted to the jury for all offenses necessarily included in the offense charged, * * *."

Rule 23.3 was adapted from Rule 31(c), Federal Rules of Criminal Procedure. Cases decided under the federal rule are therefore persuasive.

In *Berra v. United States*, 351 U.S. 131, 76 S.Ct. 685, 100 L.Ed. 1013 (1956), the Court pointed to the underlying principle that:

> "In a case where some of the elements of the crime charged themselves constitute a lesser crime, the defendant, if the evidence justifies it, would no doubt be entitled to an instruction which would permit a finding of guilt of the lesser offense."

The words "necessarily included" found in Rule 23.3 are not synonymous with the words "lesser included." An offense may be the lesser included of another offense, but factually, dependent upon the evidence, may or may not be "necessarily included" in the greater offense. An offense is lesser included when the greater offense cannot be committed without necessarily committing the lesser offense. *In re Appeal in Maricopa County, Juvenile Action # J–75755*, 111 Ariz. 103, 523 P.2d 1304 (1974); *State v. Woody*, 108 Ariz. 284, 496 P.2d 584 (1972); *State v. Sutton*, 104 Ariz. 317, 452 P.2d 110 (1969).

Theft is a lesser included offense of robbery, *State v. Jackson*, 121 Ariz. 277, 589 P.2d 1309 (1979), because robbery cannot be committed without committing the crime of theft. Dugan was convicted of robbery as defined by A.R.S. § 13–641, subsequently amended, see § 13–1902, effective October 1978:

> "Robbery is the felonious taking of personal property in the possession of another from his person, or immediate presence, and against his will, accomplished by means of *force or fear*." (Emphasis added.)

For an instruction on a lesser offense to be considered as proper, two conditions must be met. First, as noted above, the crime must be lesser included in the offense charged and, second, the evidence must support the giving of the instruction:

> "A lesser-included offense instruction is only proper where the charged greater offense requires the jury to find a *disputed factual element* which is not required for conviction of the lesser-included offense. *Berra v. United States*, supra;

> * * *

> * * * * * *

> * * * Therefore, if on the facts of a given case there are disputed issues of fact which would enable the jury rationally to find that, although all the elements of [the crime charged] have not been proved, all the elements of one or more lesser offenses have been, it is clear that the defendant is entitled to a lesser-included offense charge as to such lesser offenses." *Sansone v. United States*, 380 U.S. 343, 85 S.Ct. 1004, 13 L.Ed.2d 882 (1965). (Emphasis added.)

The determination which must be made before the lesser included instruction

is proper is whether on the evidence the jury could rationally find that the state failed to prove an element of the greater offense. Such element must be required to convict of the greater, but not to convict of the lesser offense. It must be an element which necessarily *distinguishes* the greater from the lesser. Robbery, the greater offense, requires the taking to be accomplished by "force or fear." Theft, the lesser offense, does not have such an element. In Arizona, the element of "fear" required to prove robbery is measured by an objective standard, the mere temperamental timidity of the victim is not sufficient. *State v. Stephens*, 66 Ariz. 219, 186 P.2d 346 (1947). Therefore, if the jury could rationally find that the state failed to prove the distinguishing element of fear, but did in fact prove all other elements, the jury could return a guilty verdict for theft.

The record in the instant case reveals two conflicting sets of facts. The cashier testified Dugan and another, larger man with a bulge under his coat, entered the store together; each disabled one of the surveillance cameras, and the second man kept a lookout while Dugan took the money from the register. Dugan, on the other hand, testified that he entered the store alone; that he saw another customer in the store, but thought nothing of it; that he transacted his usual business of purchasing beer and cigarettes and, at the cashier's request, traded him a marijuana cigarette for a bottle of scotch before he left the store.

Dealing with similar issues relative to a conviction for robbery, this Court has held:

"Had the jury believed that no force or fear was present, it could have convicted [the defendant] of theft and acquitted him of robbery. Since the evidence before the jury would have supported a conviction of theft and an acquittal of robbery, [defendant] was entitled to the requested lesser included offense instruction." *State v. Jackson*, supra, 121 Ariz. at 279, 589 P.2d at 1311.

The jury could reasonably find from the evidence that the state failed to prove the distinguishing element of fear necessary to sustain a conviction for robbery. If the jury believed the circumstances to be as the cashier testified, it could find that even though the cashier knew Dugan prior to the incident and even though no weapons or force were used, the two men acting together for the purpose of robbing him caused the cashier to be fearful for his personal safety. But the jury could have found that Dugan did not enter with the other man, did not threaten the cashier, and did not disable a surveillance camera. If the jury believed this part of Dugan's story, even though it believed Dugan took the money from the cash register, it could properly return a verdict of guilty of theft.

■ While a total denial of guilt by defendant may give rise to the guilt or innocent situation, for which the state contends, reason persuades us that such is not the case here. See *State v. Schroeder*, 95 Ariz. 255, 389 P.2d 255 (1964). The jury might believe the cashier's story in its entirety, or it might believe the defendant's story in its entirety. However, on the record, the jury could also believe certain parts of the cashier's testimony, discounting others, and by believing parts of Dugan's testimony and disbelieving others, could find him guilty of theft and not guilty of robbery, simply because the element of fear was not credibly established. Therefore, the requested instruction to charge the jury on the crime of theft was erroneously refused.

For his second error on appeal, appellant contends that the trial court committed reversible error in failing to grant a motion for a new trial on the basis of the improper admission of subsequent bad acts. Appellant bases his argument upon a statement made by the cashier during cross-examination:

"Q. How many times did he [defendant] come into the store after the alleged robbery occurred?

A. Two or three times. *Then when he stole the gas.*" (Emphasis added.)

Defense counsel immediately moved for a mistrial, which was denied by the trial court.

Evidence of a defendant's subsequent bad acts is generally not admissible at defendant's trial for a prior, independent offense.

"The general rule in Arizona has long been: '* * * in the prosecution of one accused of a particular offense, evidence showing or *tending to show* the commission by accused of another crime entirely distinct and independent of that for which he is on trial, even though it be a crime of the same class, is neither relevant nor admissible.' *Dorsey v. State*, 25 Ariz. 139, 143, 213 P. 1011, 1012 (1923)." *State v. Moore*, 108 Ariz. 215, 495 P.2d 445 (1972). (Emphasis added.)

■ The cashier's statement was not only non-responsive to counsel's question, but, more importantly, amounted to evidence "showing or tending to show" that Dugan had also committed a distinct and independent offense, separate and apart from the offense of robbery for which he was being tried. The evidence was irrelevant and improperly admitted under the rule of *Dorsey v. State*, supra. Such evidence of other bad acts, improperly admitted, also requires reversal. *State v. Wirtanen*, 117 Ariz. 129, 571 P.2d 275 (1977).

Appellee admits that the evidence of the subsequent bad act was error; however, urges that such error was harmless. We do not agree that such error was harmless. In addition to the comment specifically addressed by appellant in his appeal, we find the record contains other prejudicial testimony, not the least of which was the police officer's repeated reference to his investigation of the "armed robbery at the U-Totem."

Judgment of conviction reversed.

HOLOHAN, V. C. J., and HAYS, CAMERON and GORDON, JJ., concur.