625 P.2d 944

**The STATE of Arizona, Appellee,**

v.

**Wyman HARNEY, Appellant.**

**No. 2 CA–CR 2049.**

Court of Appeals of Arizona,
Division 2.

Jan. 29, 1981.

Robert K. Corbin, Atty. Gen. by William J. Schafer, III, and Jack Roberts, Asst. Attys. Gen., Phoenix, for appellee.

Robert Duber, II, Globe, for appellant.

OPINION

HATHAWAY, Chief Judge.

Defendant was tried to a jury and found not guilty of aggravated assault and guilty of resisting arrest. He was sentenced to three years' probation. One term of probation was that defendant serve 12 months "flat time" in jail without credit for pretrial incarceration.

The questions raised on appeal are:

1. Does the evidence of defendant's intoxication preclude the finding that he acted "intentionally" as required by A.R.S. Sec. 13–2508?

2. Does the evidence show the defendant resisted arrest in violation of A.R.S. Sec. 13–2508?

3. Where the punishment imposed upon the defendant by probation effectively imposes a greater burden than imprisonment under a sentence, has he been denied due process of law and is the punishment excessive?

Around noon on December 29, 1979, defendant entered a Circle K market in Globe. The clerks observed that he appeared to be drunk and wandered aimlessly about the premises, mumbling and causing a disturbance. Globe police officer Phelan responded to a call for assistance. Phelan, a uniformed officer who had some months previously been kicked by the defendant during a similar encounter, approached defendant and said, "Mr. Harney, let's go outside." Defendant threw his hat on the floor, assumed a typical boxer stance, and began jabbing at Officer Phelan. Defendant was told, "Mr. Harney, put your hat on, let's go outside." Defendant continued in his sparring stance and was told, "You got a choice. You either go outside on your own free will

or you're going to go to jail." Defendant continued his combative posture and refused to leave. The officer retreated to a position near the door and ordered defendant out the door. Defendant then walked out the door and stopped outside, maintaining the fighting stance and preventing Phelan from going out. Officer Phelan went out another door to his car and radioed for assistance. He then told defendant, "Mr. Harney, I'm placing you under arrest." Defendant again removed his hat and resumed his boxing stance, and chanted incoherently, "like a war chant or Indian chant." Phelan testified that he was unable to arrest defendant and feared physical injury if he pressed too close. When assistance arrived, Phelan and another officer forcibly took defendant, who continued to resist, into custody.

Defendant was convicted under A.R.S. Sec. 13–2508, which provided at the time of the offense:

"A. A person commits resisting arrest by intentionally preventing a person reasonably known to him to be a peace officer, acting under color of such peace officer's official authority, from effecting an arrest by:

1. Using or threatening to use physical force against the peace officer . . . ."

## INTOXICATION

Defendant contends that he could not have intentionally resisted arrest because his intoxication precluded intentional action. The question was properly before the jury. A.R.S. Sec. 13–503; *State v. Lawrence*, 123 Ariz. 301, 599 P.2d 754 (1979). Ample evidence supported the jury's conclusion that he acted intentionally. Immediately when Officer Phelan arrived, defendant apparently registered alarm and exclaimed, "Oh no." He sparred and jabbed with sufficient ability that the police officer thought it wise to avoid a close encounter. Both officers stated that they did not believe defendant was drunk.

## PREVENTING ARREST

The defense contends that Officer Phelan was not deprived of power to arrest, nor kept from arresting defendant, arguing that under Arizona law an arrest is effected whenever defendant's freedom of movement is restricted. We do not agree. The cases cited by the defendant, including *State v. Green*, 111 Ariz. 444, 532 P.2d 506 (1975), and *State v. Vaughn*, 12 Ariz.App. 442, 471 P.2d 744 (1970), deal with searches pursuant to a lawful arrest and are inapposite to the question of resistance sufficient to prevent an arrest. The evidence is uncontradicted that Officer Phelan was physically resisted by the defendant and was thus prevented from carrying out the arrest. That the defendant was subdued and did not escape when assistance arrived does not detract from the earlier episode. Phelan was not required to attempt unsuccessfully to subdue defendant singlehandedly to invoke the resisting arrest statute. He had previously dealt with the defendant under similar circumstances and testified that he did not believe that he could have arrested defendant without assistance. It appears that he exercised sound discretion in his handling of the situation and defendant is not entitled to claim that greater initial force should have been exercised. A.R.S. Sec. 13–3881(A) states: "An arrest is made by an actual restraint of the person to be arrested, or by his submission to the custody of the person making the arrest." Actual restraint of the defendant was not attainable in the instant case without assistance and was prevented by the defendant's resistance.

## EXCESSIVE INCARCERATION

Defendant was given three years' probation, 12 months of which were to be spent in the Gila County jail as "flat time" without credit for time served. The court also ordered the probation department to review the case and report at the end of six months from the date of sentencing, "as to whether sentence should not be modified at that time."

Defendant complains that he was not given credit for 97 days pretrial imprisonment for a case (Cause No. 6789–A) which was dismissed before the present charge was

brought. That cause was not before the court and was immaterial to sentencing in this case. In addition, defendant had been incarcerated for 87 days on the instant resisting arrest and aggravated assault charges before sentencing. He contends that had he been sentenced to imprisonment for the presumptive sentence for resisting arrest, 1.5 years, the trial court would have had to give him credit for his pretrial confinement in the county jail pursuant to A.R.S. Sec. 13–709(B). Consequently, he argues, he would have received various other credits which would have entitled him to an absolute release in less than the 12 months he must serve as a condition of probation. We do not agree. Defendant's calculations are based upon a faulty premise, that there were no aggravating circumstances which would merit the imposition of more than the presumptive sentence. The presentence report discloses prior criminal conduct which belies defendant's assumption.

Judgment and sentence are affirmed.

HOWARD and BIRDSALL, JJ., concur.