639 P.2d 337

The STATE of Arizona, Appellee,

v.

Barry Lee RINEER, Appellant.

No. 2 CA–CR 2349.

Court of Appeals of Arizona, Division 2.

Oct. 15, 1981.

Rehearing Denied Nov. 27, 1981.

Review Denied Dec. 15, 1981.

Robert K. Corbin, Atty. Gen. by William J. Schafer, III, Crane McClennen, Asst. Attys. Gen., Phoenix, for appellee.

Frederic J. Dardis, Pima County Public Defender by Lawrence H. Fleischman, Asst. Public Defender, Tucson, for appellant.

OPINION

BIRDSALL, Judge.

Appellant stands convicted of aggravated assault as defined in A.R.S. §§ 13–1203 and 13–1204(A)(2). In this appeal he contends that the trial court erred in refusing to instruct the jury on the offenses of endangerment, A.R.S. § 13–1201, and threatening or intimidating, A.R.S. § 13–1202. He argues that those offenses are lesser included offenses of aggravated assault, and that the state of the evidence at trial made them necessarily included offenses. *See State v. Dugan,* 125 Ariz. 194, 608 P.2d 771 (1980).

Claims identical to these were rejected by Division One of this court in *State v. Morgan,* 128 Ariz. 362, 625 P.2d 951 (App. 1981). In *Morgan,* the court concluded that

neither endangerment nor threatening or intimidating is a lesser included offense of aggravated assault as described in A.R.S. § 13–1204(A)(2). We are in complete agreement with the *Morgan* opinion as it relates to the offense of endangerment. That offense, unlike aggravated assault, requires that the victim actually be placed in substantial risk of imminent death or physical injury. We do not subscribe to Division One's reasoning in holding that threatening or intimidating is not a lesser included offense. Our own reasoning, however, leads to the same conclusion, and we affirm the conviction.

The pertinent statutes are A.R.S. §§ 13–1202(A), 13–1203(A) and 13–1204(A)(2). The first of those provisions defines the offense of threatening or intimidating:

"A person commits threatening or intimidating if such person with the intent to terrify threatens or intimidates by word or conduct:

1. To cause physical injury to another person or serious damage to property of another; or

2. To cause, or in reckless disregard to causing, serious public inconvenience including, but not limited to, evacuation of a building, place of assembly, or transportation facility."

A.R.S. § 13–1203(A) defines assault:

"A person commits assault by:

1. Intentionally, knowingly or recklessly causing any physical injury to another person; or

2. Intentionally placing another person in reasonable apprehension of imminent physical injury; or

3. Knowingly touching another person with the intent to injure, insult or provoke such person."

The indictment in this case alleged that appellant's crime was aggravated assault under A.R.S. § 13–1204(A)(2), which states:

"A person commits aggravated assault if such person commits assault as defined in § 13–1203(A) under any of the following circumstances:

\*    \*    \*    \*    \*    \*

2. If such person uses a deadly weapon or dangerous instrument."

The indictment further alleged that the weapon involved was a .32 caliber handgun.

The appellant in *Morgan* had threatened her victim with a handgun and had fired a shot into the victim's mobile home. Her conduct, like that of appellant here, fell within A.R.S. §§ 13–1203(A)(2) and 13–1204(A)(2). She contended that aggravated assault as described in those statutes could not be committed without committing threatening or intimidating as described in A.R.S. § 13–1202(A)(1), and that threatening or intimidating was therefore a lesser included offense of the charged offense of aggravated assault. *See State v. Dugan, supra.*

The court answered this claim by focusing upon perceived differences between the culpable mental states required for the two offenses. It held that threatening or intimidating requires an "intent to terrify" not necessarily present in one "intentionally placing another person in reasonable apprehension of imminent physical injury." It reached this result by construing the latter phrase to require only the doing of an intentional act which in fact results in a reasonable apprehension in the victim, regardless of whether that result is intended by the perpetrator. 128 Ariz. at 367–368, 625 P.2d at 956–957.

That reasoning runs afoul of the statutory rule of construction found in A.R.S. § 13–202(A), which provides:

"If a statute defining an offense prescribes a culpable mental state that is sufficient for commission of the offense without distinguishing among the elements of such offense, the prescribed mental state shall apply to each such element unless a contrary legislative purpose plainly appears."

A reasonable apprehension of imminent physical injury is an essential element of an assault described by § 13–1203(A)(2). There is no plainly appearing legislative purpose indicating that the prescribed culpable mental state, "intentionally," does not apply to that element. We are therefore

unable to agree that the statute does not require an intent to produce the essential result.

It is also apparent that the construction adopted in *Morgan* could easily lead to absurd results. One who intentionally swerves to avoid an animal on a highway, for instance, would be guilty of assault if a driver coming in the opposite direction reasonably apprehends a collision and resulting injury, regardless of whether a collision actually occurs or is even actually possible. It is difficult to believe that the legislature intended assault liability to arise from the mere "reasonable apprehension" of an accident, simply because that apprehension is caused by an intentional act.

█ Having set forth our differences with the *Morgan* opinion, we turn to our own analysis. An offense is a lesser included of a charged offense only if the charged offense cannot be committed without committing the lesser offense. *State v. Dugan, supra.* This determination is made by examining the statutes defining the two offenses together with the indictment, information, or complaint. If the charging document describes the charged offense more narrowly than the statute defining that offense, the question becomes whether the charged offense can be committed *in the manner charged* without committing the lesser offense. *In re Appeal in Maricopa County Juvenile Action J–75755,* 111 Ariz. 103, 523 P.2d 1304 (1974). That is the necessary inquiry here.

█ The indictment in this case alleged that appellant had committed aggravated assault by using a deadly weapon, a .32 caliber handgun. Is it possible to commit aggravated assault with a .32 caliber handgun without committing threatening or intimidating? Of course it is. One may, for instance, recklessly injure another with the gun without having any "intent to terrify." Threatening or intimidating is not a lesser included offense of aggravated assault, as that offense is defined by statute *or* as it was charged in appellant's indictment.

Arguing to the contrary, appellant relies upon the facts of this case, which reveal

that his conduct amounted to assault only as that offense is described in § 13–1203(A)(2). He contends that one cannot intentionally place another in reasonable apprehension of imminent physical injury without also committing threatening or intimidating. There are at least three flaws in this argument.

First, the indictment did not charge a violation of § 13–1203(A)(2). (We note that the charge in *Morgan* may have been so limited, but cannot determine this from the opinion.) Only the facts of this case reveal the implication of that particular portion of the assault statute. We may not look to the facts of a particular case and determine that an offense is a lesser included of the charged offense because of the way the charged offense was actually committed. We may look only to the words of the statutes and the charging document. *State v. Laffoon,* 125 Ariz. 484, 610 P.2d 1045 (1980); *State v. Robertson,* 128 Ariz. 145, 624 P.2d 342 (App.1981).

Appellant's argument also assumes that an assault described in § 13–1203(A)(2) is an offense distinct from those described in the other two clauses of that subsection. That is not the case. The statute does not create three separate offenses; it merely enumerates three ways the single offense of assault can be committed. If the legislature, instead of using enumerated clauses, had defined assault in a cumbersome uninterrupted sentence, there would be no doubt that one could commit assault, and therefore aggravated assault, without committing threatening or intimidating. The simple use of enumeration to make the statute more readable should not lead to a contrary conclusion.

Finally, appellant's argument is simply wrong. Intent aside, the statute defining threatening or intimidating requires that the offender "threaten or intimidate" to *cause,* or in reckless disregard of *causing,* a certain harm. In other words, the offender must at least imply some control over the occurrence or non-occurrence of the harm. The assault statute, on the other hand, does

not require that the offender have actual or apparent control over the occurrence of the apprehended injury. It is possible to intentionally place another in reasonable apprehension of imminent physical injury without even implying the ability to cause or prevent that injury. One might falsely tell another, for example, that a large rock is falling upon him or that a rattlesnake is about to strike him. With a little imagination, we can even conceive of ways to use a deadly weapon in such a terrifying ruse without threatening to *cause* the feared injury. So long as the apprehended injury is one apparently outside the control of the person intentionally creating the apprehension, that person may be guilty of assault, and hence aggravated assault, without committing threatening or intimidating.

Since threatening or intimidating is not a lesser included offense of aggravated assault, the trial court had no obligation to give jury instructions on threatening or intimidating, even though the facts of this case revealed the commission of that offense. *State v. Teran*, 130 Ariz. 277, 635 P.2d 870, (1981).

The conviction is affirmed.

HATHAWAY, C. J., and HOWARD, J., concur.