662 P.2d 461

**The STATE of Arizona, Appellee,**

v.

**Albert Richard DIAZ, Appellant.**

**No. 1 CA–CR 6114.**

Court of Appeals of Arizona,
Division 1.

March 29, 1983.

Robert K. Corbin, Atty. Gen. by William J. Schafer, III and Georgia B. Ellexson, Phoenix, for appellee.

Law Offices of Kiger & Sears by John M. Sears, Prescott, for appellant.

OPINION

BIRDSALL, Judge.

In disorderly conduct a lesser-included offense of resisting arrest? That is the only question presented by this appeal. We hold that it is not and affirm the appellant's conviction for resisting arrest.

A.R.S. § 13–2508(A), as amended in 1980, defines resisting arrest:

"A. A person commits resisting arrest by intentionally preventing or attempting to prevent a person reasonably known to him to be a peace officer, acting under color of such peace officer's authority, from effecting an arrest by:

1. Using or threatening to use physical force against the peace officer or another; or

2. Using any other means creating a substantial risk of causing physical injury to the peace officer or another."

Disorderly conduct is defined in A.R.S. § 13–2904(A) as:

"A. A person commits disorderly conduct if, with intent to disturb the peace or quiet of a neighborhood, family or person, or with knowledge of doing so, such person:

1. Engages in fighting, violent or seriously disruptive behavior; or

2. Makes unreasonable noise; or

3. Uses abusive or offensive language or gestures to any person present in a manner likely to provoke immediate physical retaliation by such person; or

4. Makes any protracted commotion, utterance or display with the intent to prevent the transaction of the business of a lawful meeting, gathering or procession; or

5. Refuses to obey a lawful order to disperse issued to maintain public safety in dangerous proximity to a fire, hazard or other emergency; or

6. Recklessly handles, displays or discharges a deadly weapon or dangerous instrument."

The test for determining whether an offense is the lesser-included of another is whether the greater offense can be committed without committing the lesser. *State v. Jackson,* 121 Ariz. 277, 589 P.2d 1309 (1979). Since resisting arrest can be committed without committing disorderly conduct, the latter is not a lesser-included offense of the former. Take the most simple illustration. A police officer tells the defendant to put his hands behind his back so he can be handcuffed. The defendant replies by threatening to strike the officer if he so much as touches him. The defendant has resisted arrest by threatening to use physical force against the officer. He has not committed disorderly conduct under any of the six instances set forth in the statute. *See also State v. Harney,* 128 Ariz. 355, 625 P.2d 944 (App.1981), where we held one can "resist arrest" by assuming a "boxing stance". There are many other ways that one could threaten to use physical force in an attempt to prevent an arrest without committing disorderly conduct. Disorderly conduct is what we have known

as "disturbing the peace". It is not of the same nature and does not rise to the same serious infraction of the law as does resisting arrest.

There is another reason why disorderly conduct is not a lesser offense. Disorderly conduct requires proof of an element not necessary to the commission of resisting arrest. Disorderly conduct is committed only when the offender has the intent to disturb the peace or quiet of a neighborhood, family or person, or with the knowledge that he is doing so. There is no such element required in the crime of resisting arrest and for that reason the lesser offense is not included within the greater since the lesser cannot include an element not found in the greater. If the lesser requires proof of an additional element, then the greater can be committed without necessarily committing the lesser. *State v. Caudillo,* 124 Ariz. 410, 604 P.2d 1121 (1979); *State v. Jackson, supra; State v. Brady,* 105 Ariz. 190, 461 P.2d 488 (1969); *State v. Cousin,* 136 Ariz. 83, 664 P.2d 233 (No. 1 CA–CR 5777, filed March 1, 1983); 41 Am.Jur.2d Indictments and Informations, Sec. 313.

Affirmed.

HOWARD, C.J., and HATHAWAY, J., concur.

NOTE: This cause was decided by the Judges of Division Two as authorized by A.R.S. Sec. 12–120(E).