693 P.2d 950

**In the Matter of the APPEAL IN PIMA COUNTY, JUVENILE ACTION NO. J–78539–2.**

**No. 2 CA–CIV 5138.**

Court of Appeals of Arizona, Division 2.

July 12, 1984.

Walter B. Nash, III, Tucson, for petition-er.

Stephen D. Neely, Pima County Atty. by Kate Dawes, Deputy Pima County Atty., Tucson, for respondent.

## OPINION

BIRDSALL, Chief Judge.

In a delinquency petition filed August 25, 1983, the juvenile, a 13-year-old boy, was charged with one count of burglary in the first degree, two counts of theft, one count of aggravated assault and one count of endangerment. The juvenile admitted the allegations of the petition as to the first three counts, was adjudicated delinquent, and was placed on probation until his eighteenth birthday. Following a hearing on the remaining counts, the juvenile was adjudicated delinquent under count 4 (aggravated assault), and the court dismissed count 5 (endangerment) based on its conclusion that the juvenile could not be found guilty of both charges. The disposition hearing followed immediately, and the court ordered that the juvenile be committed to the Department of Corrections. The issues raised on appeal pertain only to the adjudication of delinquency on the charge of aggravated assault, which arose out of the following facts.

In the early morning hours of August 22, 1983, sheriff's deputies were called to the area of a trailer park near Green Valley. Residents there were detaining two boys, appellant and his brother, who had been prowling around the area. As the deputies arrived, the juveniles ran off into the desert to avoid capture. Deputy Look spotted appellant and drove his vehicle down a dirt road in appellant's direction at approximately 20 to 25 miles per hour. Appellant began to run, and when his path of flight crossed in front of the deputy's vehicle, appellant assumed a "[c]lassic police two handhold" and fired two shots with a .357 magnum from a distance of 30 to 40 yards, one of which struck a tire of the vehicle. No physical injury resulted. Deputy Look testified that he did not see the gun, but saw two flashes and heard two shots. The appellant testified that he was frightened and thought the car was going to run over him, and that he was aiming at the tires of the car to prevent it from chasing him. Further testimony established that appellant had had considerable experience with guns and was "fairly proficient".

▮ Appellant's first argument challenges the sufficiency of the evidence as to the element of intent. Count 4 was predicated on A.R.S. § 13–1204(A)(2) and (5), which defines as aggravated assault any assault which involves the use of a deadly weapon or dangerous instrument, or which is committed upon a person whom the accused knows or has reason to know is a peace officer. No contention is made that the elements raising the offense to the level of an aggravated assault are not

present. Rather, the appellant's position is that the state failed to establish the existence of the requisite mens rea for the commission of the predicate offense of simple assault under A.R.S. § 13–1203. That statute provides, in part:

A. A person commits assault by:

1. Intentionally, knowingly or recklessly causing any physical injury to another person; or

2. Intentionally placing another person in reasonable apprehension of imminent physical injury; or

3. Knowingly touching another person with the intent to injure, insult or provoke such person.

The issues were argued to the juvenile court on the assumption of both counsel and the court that under the facts of the case only subsection (A)(2) of the statute was applicable. Counsel for appellant argued that in order to obtain a conviction for assault under this subsection, it was incumbent upon the state to prove that appellant specifically intended to place Deputy Look in reasonable apprehension of imminent physical injury. Relying on the opinion of Division One of this court in *State v. Morgan*, 128 Ariz. 362, 625 P.2d 951 (App.1981), the juvenile court rejected this argument, apparently concluding that it was sufficient for conviction if the state proved that appellant intentionally fired the gun and that the deputy was thereby put in reasonable apprehension of imminent physical injury.

In reaching this conclusion, the juvenile court ignored this court's opinion in *State v. Rineer*, 131 Ariz. 147, 639 P.2d 337 (App. 1981), in which we expressed our disagreement with the rationale of the *Morgan* opinion as follows:

[The court's] reasoning runs afoul of the statutory rule of construction found in A.R.S. § 13–202(A), which provides:

"If a statute defining an offense .prescribes a culpable mental state that is sufficient for commission of the offense without distinguishing among the elements of such offense, the prescribed mental state shall apply to each such

element unless a contrary legislative purpose plainly appears."

A reasonable apprehension of imminent physical injury is an essential element of an assault described in § 13–1203(A)(2). There is no plainly appearing legislative purpose indicating that the prescribed mental state, "intentionally," does not apply to that element. We are therefore unable to agree that the statute does not require an intent to produce the essential result. 131 Ariz. at 148–49, 639 P.2d 337.

We adhere to the conclusions reached in [*Rineer, supra*], and hold the juvenile court erred in adjudicating the appellant delinquent in the absence of a finding that the appellant intended to place the deputy in reasonable apprehension of imminent physical injury.

■ The state argues that in light of the appellant's testimony that he intended to shoot the vehicle, the requisite intent is present as a result of the application of A.R.S. § 13–203. This statute provides, in pertinent part:

B. If intentionally causing a particular result is an element of an offense, and the actual result is not within the intention or contemplation of the person, that element is established if:

1. The actual result differs from that intended or contemplated only in the respect that a different person or different property is injured or affected or that the injury or harm intended or contemplated would have been more serious or extensive than that caused; or

2. The actual result involves similar injury or harm as that intended or contemplated and occurs in a manner which the person knows or should know is rendered substantially more probable by such person's conduct.

This subsection permits the trier of fact to attribute the requisite mens rea to the defendant where the facts evidence any one of three circumstances: (1) Where the harm is intended, but as to a different victim (e.g., where defendant intends to shoot A but instead hits B); (2) where the

defendant harms the intended victim, but in a lesser degree than intended (e.g., where the defendant intends to kill A but only wounds him), and (3) where the harm is similar to that intended and the defendant knew or should have known that the harm was rendered substantially more likely to occur as a result of his conduct (e.g., where an arsonist sets fire to one structure and another unintended structure also catches fire). *See* R. Gerber, Criminal Law of Arizona (1978), at 31–32.

The first two circumstances are clearly inapplicable to this case. Nor can we say, as a matter of law, that the circumstances set forth in subsection (B)(2) apply. Appellant testified that he intended only to disable the vehicle by shooting at the tires. Although it may have been possible to infer a different intent from the evidence, since the juvenile court relied on the *Morgan* decision and made no finding on this point, we assume for purposes of this appeal that this was in fact appellant's intended result. The actual result was not only the disabling of the vehicle but also, as the juvenile court found, the placing of Deputy Look in reasonable apprehension of imminent physical injury. We do not believe that the latter result is a sufficiently "similar injury or harm as that intended or contemplated" to satisfy the requirements of A.R.S. § 13–203(B)(2).

■ The state has also requested in its supporting memorandum that the order of the juvenile court dismissing the endangerment charge be reversed. Inasmuch as the state failed to file a notice of appeal in accordance with Rule 25, Arizona Rules of Procedure for the Juvenile Court, 17A A.R.S., we have no jurisdiction to consider this issue. *See In the Matter of the Appeal in Maricopa County, Juvenile Action No. JS–834*, 26 Ariz.App. 485, 549 P.2d 580 (1976).

That portion of the order of the juvenile court adjudicating appellant delinquent as to count 4 of the petition is vacated, and the cause is remanded to the juvenile court.

HATHAWAY and HOWARD, JJ., concur.