693 P.2d 909

**In the Matter of the APPEAL IN PIMA COUNTY JUVENILE ACTION NO. J–78539–2.**

**No. 17669–PR.**

Supreme Court of Arizona, En Banc.

Dec. 20, 1984.

Stephen D. Neely, Pima County Atty., by Kate Dawes, Deputy Pima County Atty., Tucson, for respondent.

Walter B. Nash III, Tucson, for petitioner.

HAYS, Justice.

Our petition for review was filed by the Pima County Attorney after the Court of Appeals, Division Two, reversed the trial court. In the Matter of the Appeal in Pima County, Juvenile Action No. J–78539–2 (2 CA–CIV 5138, July 12, 1984). Opinion of the Court of Appeals is vacated.

There is one basic issue presented in this appeal: Was the evidence sufficient to establish the requisite *mens rea* for the crime of aggravated assault under A.R.S. § 13–1203(A)(2) (intentionally placing another person in reasonable apprehension of imminent physical injury)?

Following are the facts taken from the record which are the basis for this action.

In the early morning hours of August 22, 1983, police were called to the area of a trailer park near Green Valley. Residents there were detaining two boys, appellant and his brother, who had been prowling around the area. As the police arrived, the juveniles ran off into the desert to avoid capture. One deputy spotted appellant and drove his vehicle down a dirt road in appellant's direction at approximately 20 to 25 miles per hour. Appellant began to run, and when his path of flight crossed in front of the deputy's vehicle, appellant assumed a shooting stance and fired two shots at the police car with a .357 magnum from a distance of 30 to 40 yards, one of which struck the left rear tire. At the time of the shooting, appellant was slightly to the left of the front of the vehicle. The deputy had not known that appellant was armed, but, upon hearing the gunshots and seeing two flashes of light, took cover in his vehicle and drew his service revolver.

Appellant, who was then 13 years old, was charged with aggravated assault under A.R.S. § 13–1203(A)(2) (intentionally placing another person in reasonable apprehension of imminent physical injury). At the hearing, appellant testified that, as he was running, he became frightened and thought the car was going to run over him, and that he aimed at the car to prevent the vehicle from pursuing him. On the basis of this testimony, the defense argued that the defendant had not intended to place the deputy "in reasonable apprehension of imminent physical injury," and that the elements of A.R.S. § 13–1203(A)(2) were not met.

The court adjudicated appellant delinquent and committed him to the Department of Corrections. The juvenile appealed, arguing that the state failed to establish the existence of the requisite *mens rea* for the commission of the offense.

There is an apparent conflict between the two divisions of our Court of Appeals. *State v. Morgan*, 128 Ariz. 362, 625 P.2d 951 (App.1981), written by Division One, in that portion applying to our basic issue here, addressed the question of what lesser included offenses should be a part of the court's instructions to the jury. The charged offense was assault with a deadly weapon or dangerous instrument in viola-

tion of A.R.S. §§ 13–1203(A)(2) and 13–1204(A)(2) and (B).

A few months later, Division Two issued an opinion, *State v. Rineer*, 131 Ariz. 147, 639 P.2d 337 (App.1981), which addressed the same issue: instructions on lesser included offenses as applied to a charge of aggravated assault. *Rineer* agreed with the results reached in *Morgan* but not with the reasoning. As is apparent from our statement of the issue in this case, we are not here concerned with the necessity of instructing a jury on lesser included offenses. However, the same analysis as to *mens rea* or intent is required.

In *Rineer*, Division Two quotes from A.R.S. § 13–202(A), which provides:

> "If a statute defining an offense prescribes a culpable mental state that is sufficient for commission of the offense without distinguishing among the elements of such offense, the prescribed mental state shall apply to each such element unless a contrary legislative purpose plainly appears."

We note that this statute is not referred to in *Morgan*.

We do not find fault with *Rineer*, nor does the reasoning of that case require a result different from that set forth below. While an intent to place the officer in reasonable apprehension of physical injury was a necessary element of the state's case, such specific intent could be clearly inferred from the evidence adduced at the hearing. Specifically, two shots were fired directly at the vehicle from a distance of 30 to 40 yards and from a position in front and to the left of the vehicle (the driver's side). The admitted act of shooting out a tire and the further admission that the shooting was for the purpose of stopping the vehicle supports the inference.

The acts of the officer after hearing the shots and seeing the flash show that he was in fact in apprehension. Placing the vehicle in a position of protection, drawing his gun, and crouching behind the motor confirm this. We are aware that it is the intent of the actor and not the victim which is dispositive. Despite the testimony of the juvenile that he intended only to shoot out the tires of the vehicle, it is obvious that he intended to do an act that would place the officer in reasonable apprehension of imminent physical injury in order to make him stop the car. He succeeded in accomplishing his intended purpose. There is ample evidence from which the trier of fact could find the necessary intent.

Order of the trial court is affirmed.

HOLOHAN, C.J., GORDON, V.C.J., and CAMERON and FELDMAN, JJ., concur.