37 F.3d 1505
NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
 Doug Wayne HOOD, Petitioner-Appellant,
v.
Samuel LEWIS; Grant Woods, Attorney General, Respondents-Appellees.
 No. 94-15755.
 United States Court of Appeals, Ninth Circuit.
 Submitted Oct. 4, 1994.*
Decided Oct. 6, 1994.
 
 Before: BROWNING, FARRIS, and LEAVY, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 Doug Wayne Hood, an Arizona state prisoner, appeals pro se the district court's dismissal of his 28 U.S.C. Sec. 2254 habeas petition. Hood contends that: (1) he was denied the effective assistance of counsel when his attorney failed to object to an amendment to the indictment; (2) the district court erred in denying his ineffective assistance of counsel claim without an evidentiary hearing; and (3) a due process violation occurred when the trial court imposed an aggravated sentence without articulating the reasons for the sentence. We have jurisdiction under 28 U.S.C. Sec. 2253. We review de novo, Hendricks v. Zenon, 993 F.2d 664, 668 (9th Cir.1993), and affirm.
 
 
 3
 Hood contends that his attorney was ineffective for failing to object to the state's motion to amend the indictment. This contention lacks merit.
 
 
 4
 To obtain relief for a claim of ineffective assistance of counsel, a defendant must meet the two requirements enunciated in Strickland v. Washington, 466 U.S. 668 (1984). First, a defendant must show that counsel's representation fell below an objective standard of reasonableness. Strickland, 466 U.S. at 687-88. Second, a defendant must show that counsel's deficient performance prejudiced the defense. Id. at 692. Prejudice is found where "there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." Id. The focus of the prejudice analysis is on whether the result of the proceeding was fundamentally unfair or unreliable. Lockhart v. Fretwell, 113 S.Ct. 838, 844 (1993).
 
 
 5
 Here, Hood was originally charged with possession of cocaine, after he bought a bindle of white powder, purported to be cocaine, from an undercover agent. Prior to trial, the bindle disappeared. Since the powder was never analyzed, the prosecutor filed a motion to amend the indictment to attempted possession of cocaine. Defense counsel did not object and the motion was granted.
 
 
 6
 We need not consider whether counsel's conduct was objectively reasonable because Hood has not shown prejudice. See Strickland, 466 U.S. at 697. Even if an amendment to the indictment failed, the prosecutor could have asked the court to instruct the jury on the lesser included offense of attempt. See State v. Vickers, 768 P.2d 1177, 1187 (Ariz.1989), cert. denied, 497 U.S. 1033 (1990); State v. Dugan, 608 P.2d 771, 772-73 (Ariz.1980); State v. Kelly, 597 P.2d 177, 179 (Ariz.1979). Since attempted possession is a lesser included offense of possession and the evidence supported the giving of the attempt instruction, Hood has not met his burden of showing prejudice. See Strickland, 466 U.S. at 692; Dugan, 608 P.2d at 772. It is not reasonably probable that the result of Hood's trial would have been different if his attorney had objected to the amendment to the indictment. Accordingly, since Hood has not shown prejudice, he cannot succeed on his ineffective assistance of counsel claim. See Strickland, 466 U.S. at 697.[1]
 
 
 7
 Hood contends that the district court erred in denying his sentencing claim because the trial court imposed an aggravated sentence without articulating the reasons for the sentence. This contention lacks merit.
 
 
 8
 "[F]ederal habeas corpus relief does not lie for errors of state law." Estelle v. McGuire, 112 S.Ct. 475, 480 (1991) (citations omitted). This rule includes errors in state sentencing law. Campbell v. Blodgett, 997 F.2d 512, 522-24 (9th Cir.1992), cert. denied, 114 S.Ct. 1337 (1994). State laws which guarantee a criminal defendant procedural rights at sentencing may give rise to liberty interests protected by the Fourteenth Amendment. Id. at 522. The defendant, however, will only be entitled to federal habeas relief if the state also failed to provide the process which was due under constitutional standards. See id. Thus, the defendant must establish that an error of constitutional significance occurred in order to state a cognizable federal habeas claim. McGuire, 112 S.Ct. at 480; Campbell, 997 F.2d at 522.
 
 
 9
 Here, the trial court stated it was imposing an aggravated sentence because of Hood's "lengthy record" set forth in the presentence report. The presentence report indicated that Hood had three prior felony convictions and seven prior misdemeanor convictions.
 
 
 10
 Assuming that Ariz.Rev.Stat.Ann. Sec. 13-702(C) creates a liberty interest in having the trial court articulate its reasons for imposing an aggravated sentence, we cannot find that the trial court's statement of reasons was so deficient as to render the entire sentencing determination unconstitutional. See Campbell, 997 F.2d at 524. Under Arizona law, the trial court substantially complied with the sentencing statute by stating that the aggravated sentence was being imposed because of Hood's lengthy record. See State v. Mahler, 626 P.2d 593, 595 (Ariz.1981) (trial court substantially complies with sentencing statute by stating reasons for sentence); State v. Tresize, 623 P.2d 1, 3 (Ariz.1980) (trial court articulated reasons by relying on defendant's five prior convictions). Moreover, even if shortcomings existed under Arizona law, we cannot find that any error of constitutional significance occurred. See McGuire, 112 S.Ct. at 480; Campbell, 997 F.2d at 522. Accordingly, the district court properly denied Hood's sentencing claim. See McGuire, 112 S.Ct. at 480.
 
 
 11
 AFFIRMED.
 
 
 
 *
 The panel unanimously finds this case suitable for decision without oral argument. Fed.R.App.P. 34(a); 9th Cir.R. 34-4
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3
 
 
 [1]
 To the extent that Hood is attempting to raise a separate and new ineffective assistance of counsel claim based on his attorney's failure to analyze the bindle of white powder, we need not consider this claim, since Hood is raising it for the first time on appeal. See United States v. Reyes-Alvarado, 963 F.2d 1184, 1187 (9th Cir.), cert. denied, 113 S.Ct. 258 (1992)
 In addition, the district court did nor err in failing to conduct an evidentiary hearing since Hood's allegations would not entitle him to relief. See Hendricks v. Vasquez, 974 F.2d, 1099, 1103 (9th Cir.1992) (habeas petitioner entitled to evidentiary hearing where allegations, if proved, would entitle him to relief and state court has not determined relevant facts).