94 F.3d 652
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
Sherman RUTLEDGE, Petitioner-Appellant,
v.
Samuel A. LEWIS, Director; Grant Woods, Attorney General of
the State of Arizona, Respondents-Appellees.
 No. 94-16778.
 United States Court of Appeals, Ninth Circuit.
 Submitted Aug. 12, 1996.*
Decided Aug. 16, 1996.
 
 Before: BROWNING, SCHROEDER, and RYMER, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 Sherman Rutledge, an Arizona state prisoner, appeals pro se the district court's denial of his 28 U.S.C. § 2254 habeas petition challenging his 1986 conviction and sentence for first-degree murder and aggravated assault. He contends that: (1) statements made by him and admitted at trial were involuntary because he was under the influence of drugs; (2) there was insufficient evidence to support his convictions; and (3) his trial counsel was ineffective for failing to call an expert witness in support of Rutledge's voluntary intoxication defense. We have jurisdiction pursuant to 28 U.S.C. § 2253. We review de novo the district court's denial of a petition for writ of habeas corpus, Calderon v. Prunty, 59 F.3d 1005, 1008 (9th Cir.1995), and we affirm.
 
 I. Voluntariness of Statements
 
 3
 Rutledge contends that the statements he made to the police, and others in the presence of the police, were involuntary because he was under the influence of drugs. We disagree.
 
 
 4
 Although a federal court reviews de novo a state court's finding that a confession is voluntary, it presumes correct all underlying historical or subsidiary factual findings. Miller v. Fenton, 474 U.S. 104, 112-13 (1985); Collazo v. Estelle, 940 F.2d 411, 415 (9th Cir.1991), cert. denied, 502 U.S. 1031 (1992). A confession is voluntary if it is the "product of a rational intellect and a free will." Medeiros v. Shimoda, 889 F.2d 819, 823 (9th Cir.1989), cert. denied, 496 U.S. 938 (1990). We look to the circumstances surrounding the confession to determine whether a defendant's free will was overcome by the effects of drug intoxication. See id.
 
 
 5
 The record supports the conclusion that Rutledge's statements were freely and voluntarily given. The laboratory analysis of Rutledge's blood revealed the presence of only a small amount of narcotics and there was no indication that Rutledge was experiencing any adverse effects from his narcotic ingestion during the police interview. Cf. United States v. Kelley, 953 F.2d 562, 565-66 (9th Cir.1992) (holding confession voluntary even though defendant began going through heroin withdrawal during his police interview). Accordingly, Rutledge has failed to identify any surrounding circumstances which overbore his free will or ability to think rationally. See Medeiros, 889 F.2d at 823.[1]
 
 II. Sufficiency of Evidence
 
 6
 Rutledge contends that the state failed to present sufficient evidence to support his aggravated assault and first degree murder convictions. We disagree.
 
 
 7
 "A state prisoner may ... be entitled to federal habeas relief if he can show that the evidence adduced at trial was such that no rational trier of fact could have found proof of guilt beyond a reasonable doubt." Martineau v. Angelone, 25 F.3d 734, 738 (9th Cir.1994) (citing Jackson v. Virginia, 443 U.S. 307, 324 (1979)).
 
 1. Aggravated Assault
 
 8
 Rutledge contends that his conviction for assaulting Johnny Birdine cannot stand because the evidence shows he only pointed his gun at Diane Zapata. This contention lacks merit.
 
 
 9
 There was sufficient evidence to support the jury's conclusion that Rutledge placed Johnny Birdine in reasonable apprehension of imminent physical injury while armed with a deadly weapon. See Ariz.Rev.Stat.Ann. § 13-1203(A)(2); Jackson, 443 U.S. 307; State v. Wood, 881 P.2d 1158, 1171 (Ariz.1994), cert. denied, 115 S.Ct. 2588 (1995). Birdine testified that while Rutledge appeared to be pointing the gun at Zapata's head, he may have been also pointed it at Birdine's head. He further testified that he feared for his life when he saw Rutledge pointing the gun in his direction. Based on this testimony, the jury could have reasonably found that Rutledge intended to place Birdine in apprehension of imminent physical injury. See Wood, 881 P.2d at 1171; In re Appeal in Pima County Juvenile Action No. J-78539-2, 693 P.2d 909, 911 (Ariz.1984) (en banc).
 
 2. First Degree Murders
 
 10
 Rutledge argues that the state failed to present sufficient evidence of the "premeditation" element of the first degree murder counts. This argument lacks merit.
 
 
 11
 The State presented ample evidence of premeditation. See Jackson, 443 U.S. at 324; State v. Kreps, 706 P.2d 1213, 1216 (Ariz.1985). Birdine testified that moments before Rutledge fired a shot, he sat in a chair loading the weapon. Birdine further testified that after Zapata implored Rutledge not to shoot, he spun around and proceeded to fire a shot into the dining room which struck Dean Calvin. If the jurors believed Birdine's testimony, they could have reasonably concluded that Rutledge had sufficient time to contemplate the murder of Calvin. Id. at 1216. Birdine also testified that as he was escaping through the window, he heard another shot ring out. Thus, Rutledge again had time to reflect before firing the second shot. In total, Rutledge fired the weapon at least six times, since five bullets were recovered from Dean Calvin's body and one from Diana Zapata's body. Given this evidence, the jury could have reasonably rejected Rutledge's testimony that he "blacked out" during the murders and concluded that he premeditated the murders of Dean Calvin and Diane Zapata. See id. at 1216-17.
 
 III. Ineffective Assistance of Counsel
 
 12
 Rutledge contends that his trial counsel was ineffective for failing to call an expert witness to support his defense of voluntary intoxication. We disagree.[2]
 
 
 13
 To demonstrate ineffective assistance of counsel, a defendant must show that counsel's representation fell below an objective standard of reasonableness, and that the defendant was prejudiced as a result. Strickland v. Washington, 466 U.S. 668, 687-92 (1984). A reasonable tactical decision not to call a particular witness does not constitute ineffective assistance of counsel claim, even if the defendant disagrees with the decision. See Morris v. California, 966 F.2d 448, 456 (9th Cir.1991), cert. denied, 506 U.S. 831 (1992). Counsel does, however, have a "duty to make reasonable investigations or to make a reasonable decision that makes particular investigations unnecessary." Strickland, 466 U.S. at 691.
 
 
 14
 Here, defense counsel testified at the state post-conviction relief hearing that he made the decision to not call an expert on drug intoxication because the laboratory analysis of Rutledge's blood revealed a very small amount of phencyclidine (PCP). Defense counsel did, however, allow Rutledge to testify regarding his drug "black out" and counsel argued the voluntary intoxication defense to the jury. Moreover, in his cross-examination of the state's forensic pathologist, defense counsel was able to elicit from the pathologist that some people can have severe reactions from relatively low doses of the drug. Because the record demonstrates that counsel's decision not to call an expert witness on drug ingestion was a reasonable tactical decision, we conclude that counsel was not ineffective. See Morris, 966 F.2d at 456; Strickland, 466 U.S. at 687.
 
 
 15
 AFFIRMED.
 
 
 
 *
 The panel unanimously finds this case suitable for decision without oral argument. Fed.R.App.P. 34(a); 9th Cir.R. 34-4. In addition, because we affirm the denial of relief under the former version of 28 U.S.C. § 2254, we do not consider whether the Antiterrorism and Effective Death Penalty Act of 1996 applies to this appeal
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3
 
 
 [1]
 We do not review Rutledge's contention, raised for the first time in his reply brief, that his statements were admitted in violation of Miranda v. Arizona, 384 U.S. 436 (1966). See United States v. Birtle, 792 F.2d 846, 848 (9th Cir.1986)
 
 
 [2]
 Because the Arizona Supreme Court addressed this claim on the merits without clearly indicating that a procedural bar independently barred this claim, we are not precluded from reviewing this claim. See e.g., Siripongs v. Calderon, 35 F.3d 1308, 1317 (9th Cir.1994), cert. denied, 115 S.Ct. 1175