THE STATE OF OHIO, APPELLEE, *v.* STRODES, APPELLANT.

(No. 75-460—Decided November 24, 1976.)

*Mr. James A. Berry*, prosecuting attorney, and *Mr. James P. Hunter, Jr.*, for appellee.

*Mr. Thomas J. Veskauf*, for appellant.

*Per Curiam.* Although appellant makes no assertion that the evidence adduced was insufficient in law to support the jury's verdicts, we have reviewed the record since this is a capital case. We have determined that the evidence of all the essential elements of the crimes charged was sufficiently established.

Appellant asserts numerous propositions of law, and argues that the trial court, in its rulings on questions of law and in the conduct of trial, prejudiced the rights of the defendant, and thus prevented a fair trial. Upon examination of the record, we find neither error nor prejudice, and accordingly affirm the judgment of the Court of Appeals.

Appellant asserts that the imposition of the death penalty under R. C. 2929.01 through 2929.04 is unconstitutional, as being arbitrary and constituting cruel and unusual punishment in violation of the Eighth and Fourteenth Amendments to the United States Constitution. We determined in *State* v. *Bayless* (1976), 48 Ohio St. 2d 73, that those statutes are in compliance with the United States Constitution and the guidelines of the United States Supreme Court.

Appellant asserts further that the trial court erred in failing to sustain his timely objection at trial to the selection of the special venire, allegedly in violation of R. C. 2313.08. A jury commissioner was called to the

stand to explain the selection process. Appellant's objection to the venire was general and was overruled.

Subsequently, on a motion for a new trial on account of newly-discovered evidence, appellant submitted an article published in a local newspaper which concluded that, in Springfield, a disproportionately small number of women, blacks and young persons were called for jury duty. Appellant also offered the 1970 Census which showed the black population of Springfield to be 15.53 percent. The percentage of blacks called for appellant's venire was one-third of that figure. The trial court properly overruled the motion for new trial.

The American tradition of trial by jury necessarily contemplates an impartial jury drawn from a cross section of the community. *Smith* v. *Texas* (1940), 311 U. S. 128. The right to trial by an impartial jury means that prospective jurors must be selected by officials without the systematic and intentional exclusion of any cognizable group. *State* v. *Johnson* (1972), 31 Ohio St. 2d 106, 114. No systematic or intentional exclusion was shown by appellant. The trial record indicates that although some formalities were not strictly followed, the selection of the veniremen was made in good faith with no displayed prejudice to appellant. The array of veniremen need not reflect an exact cross section of the community. *Swain* v. *Alabama* (1965), 380 U. S. 202; *State* v. *Wilson* (1972), 30 Ohio St. 2d 199, 201. Such identity would have been pure coincidence, and seldom, if ever, occurs.

Under the United States Constitution, a defendant is entitled not to a perfect cross section of citizens for the jury panel, but only to panels selected by the best method that thoughtful men, who are cognizant of the practicalities of selection and the inherent problems involved, have been able to develop. *State* v. *Johnson, supra.* The record demonstrates that all prospective jurors in this case were qualified. The use of voter-registration lists as the source of names of prospective jurors is not unlawful even though it results in the exclusion of nonvoters. *United States* v. *Kelly* (1965), 349 F. 2d 720. Unless prejudice

to the defendant or the systematic and intentional exclusion of a group is shown, we will not reverse a judgment because of minor and technical defects in jury-selection procedures.

Appellant contends further that one juror had served on a jury during the preceding year in violation of R. C. 2313.07. Again, no prejudice was shown. In fact, appellant neither challenged this juror for cause nor used a remaining peremptory challenge. Such a non-prejudicial oversight is not grounds for reversal.

Appellant urges, in another proposition of law, that the trial court abused its discretion in permitting photographs of the victim's body to be admitted in evidence. Appellant contends that the photographs were of no probative value since death by shooting was stipulated. We do not agree. Appellant went to great lengths, in both the trial and appellate levels, to stress that he did not admit, or did not intend to admit, that a robbery occurred. The trial court thus acted within its discretion in ruling that the photographs could be of use to the jury deciding upon this question of fact. Further, under R. C. 2903.01(B), aggravated murder is defined as the purposeful killing of another while committing, or attempting to commit, aggravated robbery. The state must prove, and the jury must find, that the killing was purposely done. The number of shots fired, the places where the bullets entered the body, and the resulting wounds are all probative evidence of a purpose to cause death. The total probative value of these photographs was not outweighed by the danger of prejudicial effect upon the defendant.

Appellant asserts that the prosecutor made several statements that were so flagrantly improper that a fair trial was prevented. Some of appellant's objections were properly overruled by the trial court, while others were sustained with appropriate instructions to the jury. Since the accused is provided with counsel, the prosecutor's duty to society requires that he assume the role of a partisan. However, we will not allow a prosecutor to overstep the bounds of propriety in a manner prejudicial to the rights

of the defendant. . We conclude·that no improper statements by the prosecutor were permitted over exception. Nor does our examination of the record disclose impermissible conduct that necessitates a finding of reversible error.

Appellant complains that the prosecutor commented on matters not in evidence, and therefore prejudicial error should be presumed. This proposition is not well taken. Although the prosecutor did state in his closing argument that, after the murder, only coins were found by police in the cash register, an objection by appellant that no direct testimony substantiated this allegation was promptly sustained. We find the trial court's ruling and conduct proper, and therefore no prejudice inured to appellant.

Appellant asserts that the court improperly failed to charge on lesser-included offenses. This argument is wholly without merit. The state's evidence, as we have said, established every essential element of the crimes charged. A trial court is not permitted to consider lesser-included offenses if the accused presents a complete defense to all substantive elements of the crime charged. *State* v. *Nolton* (1969), 19 Ohio St. 2d 133. Alibi is such a defense.

As a further proposition of law, appellant urges that the trial court erred in failing to set aside the psychiatric report as being inadequate to fulfill the requirements of R. C. 2929.03. When a death sentence is imposed, this statute requires a pre-sentence investigation and a psychiatric examination to be made. On review, we conclude the court complied with all statutory requirements, and that the report was adequate for purposes of R. C. 2929.03.

Review of cases in which the death penalty has been imposed is not to be taken lightly. The nature of the sentence necessarily mandates that the rights of the accused be safeguarded. All propositions of law have been carefully considered, and our examination of the record reveals no reversible error. Accordingly, the judgment of the Court of Appeals is affirmed.

*Judgment affirmed.*

O'NEILL, C. J., HERBERT, CORRIGAN, STERN, CELEBREZZE, W. BROWN and P. BROWN, JJ., concur.