THE STATE OF OHIO, APPELLEE, *v.* MALONE, APPELLANT.

(No. 11334—Decided March 7, 1984.)

*Mr. Lynn C. Slaby,* prosecuting attorney, for appellee.

*Mr. Douglas J. Powley* and *Mr. Kenneth L. Wittenauer,* for appellant.

GEORGE, J. The defendant-appellant, Keith S. Malone, was convicted by a jury of four counts of rape (R.C. 2907.02); two counts of kidnapping (R.C. 2905.01); and one count of aggravated robbery (R.C. 2911.01). The judgment is affirmed in part, reversed in part, and remanded to the trial court for re-sentencing.

On the evening of June 1, 1983, Michelle, fifteen years old, and her ten year old sister, Kimberly, walked along Market Street near Highland Square in Akron, Ohio. The girls were approached by Malone. Malone asked the younger girl several questions and Michelle grabbed her sister's hand and crossed

the street. Within a few minutes, Malone, in the company of three other men, again approached the two girls. Malone and one man grabbed Michelle and forcefully carried her up a driveway to an area behind a garage. The other two men grabbed Michelle's sister and followed.

Once behind the garage Malone slapped Michelle's face several times and demanded money from her. She gave him ten dollars. Malone then raped Michelle twice. Two of the other men also raped Michelle. All four men fled when the police arrived. The police found the victim's ten dollars on the ground in the area where the rapes had occurred.

### Assignment of Error 1

"The trial court erred to appellant's prejudice by entering judgment on and sentencing appellant on counts of rape and kidnapping contrary to Ohio law."

In *State* v. *Logan* (1979), 60 Ohio St. 2d 126 [14 O.O.3d 373], the Supreme Court held that in order to determine whether two offenses were committed with separate animi, the trial court must consider the nature of the restraint used. Consideration must be given to the length of the restraint and whether it created a risk of harm which is separable from that involved in the underlying offense, *i.e.,* rape.

In this case the victim was forcefully moved but a short distance, immediately robbed, then raped four times. The kidnapping cannot be said to have substantially increased the risk of harm to the victim so that it can be separated from that involved in the robbery and the rapes. Since neither the duration of the restraint nor the risk of harm present in this case meet the *Logan* guidelines, a separate animus necessary to the commission of the kidnapping has not been shown. Therefore, the kidnapping conviction resulting from the restraint of Michelle should have been merged with the rape offense committed against Michelle.

### Assignment of Error 2

"The trial court violated appellant's statutory rights and Ohio and U.S. Constitutional rights to trial by jury, to due process and to equal protection by refusing appellant hearing on motion to dismiss jury panel."

The defendant has a right to an impartial jury drawn from a cross-section of the community. *Smith* v. *Texas* (1940), 311 U.S. 128, and *State* v. *Strodes* (1976), 48 Ohio St. 2d 113 [2 O.O.3d 271]. The right to an impartial jury means that prospective jurors must be selected without the systematic or intentional exclusion of any cognizable group. *Duren* v. *Missouri* (1979), 439 U.S. 357, and *State* v. *Puente* (1982), 69 Ohio St. 2d 136 [23 O.O.3d 178].

"* * * To demonstrate that there has been a violation of the fair cross-section requirement, a defendant must show:

" '(1) that the group alleged to be excluded is a "distinctive" group in the community; (2) that the representation of this group in venires from which juries are selected is not fair and reasonable in relation to the number of such persons in the community; and (3) that this underrepresentation is due to systematic exclusion of the group in the jury-selection process.' *Duren* v. *Missouri, supra,* at page 364." *State* v. *Puente, supra,* at 138.

The venire was composed of ten men and twelve women. Prospective women jurors were assigned within the first fourteen seats. Malone argues that the number and placement of the men on the panel was discriminatory.

The record does not establish that males within Summit County are a distinctive group; that the representation of males was not fair and reasonable when compared to the number of such persons in the community; nor that

there was a systematic exclusion of males in the jury selection process. Rather, Malone's complaint is that males, rather than women, were not assigned within the first fourteen seats. This argument is without merit.

Malone also contends that the jury panel was not selected randomly. The record reveals that the jurors were selected from three lists of names, which included both men and women, generated from poll lists representing registered voters within the three areas which make up the county. In order to insure that a jury panel is representative of the population of the county, the jury commissioner compiles a master list. The master list of venire is made up by selecting an equal number of names from each of the three random lists in the order in which they have been drawn. There is nothing to suggest that this process is biased. The selection process does not become any less random because three lists are used instead of a single list. Malone has not shown that there was a definite plan, purpose or pattern in drawing jurors to try issues in Summit County which defeated the random selection of jurors in his case.

Malone's jury was composed of both men and women and there is no indication that those jurors were not qualified to sit in judgment of Malone. R.C. 2313.41 and State v. Puente, supra.

### Assignment of Error 3

"The trial court prejudically erred by failing to sustain motions for acquittal as to the charge of aggravated robbery where there was no evidence of infliction of or attempted infliction of serious physical harm."

Malone was charged with committing aggravated robbery in violation of R.C. 2911.01, which reads in pertinent part:

"(A) No person, in attempting or committing a theft offense as defined in section 2913.01 of the Revised Code, or in fleeing immediately after such attempt or offense, shall do either of the following:

"* * *

"(2) Inflict, or attempt to inflict serious physical harm on another."

Malone suggests that since the rape did not facilitate either the theft or the flight, it cannot constitute the infliction of serious physical harm necessary to elevate the offense of robbery to one of aggravated robbery. The element of force in an aggravated robbery offense is identified by statute as the infliction of serious physical harm or the attempted infliction of such harm.

There is apparent agreement that had Malone shot or stabbed the victim upon completion of the robbery, it would then be classified as an aggravated robbery. Here, however, Malone did not shoot or stab the victim; he raped her.

The chronology of events indicates that Malone forcibly carried the victim to an area hidden from view. He first demanded money from the victim and then raped her twice. Malone argues that the facts should not be considered together, but rather separately so that the rapes stand apart from the robbery. Malone chose the offenses along with when and how he would commit them. His complaint, therefore, that he completed the robbery and then proceeded to commit the rapes is without moment. Malone created the criminal environment which so intertwined the commission of the rapes with the robbery that one offense did not neatly end before the second began.

The police found the victim's ten dollar bill at the scene of the rapes. This fact provided adequate basis upon which the jury could find that the robbery had not been consummated prior to the commission of the rapes. The jury was entitled to consider Malone's rape of the victim when determining whether serious physical harm had been inflicted

upon the victim or there was an attempt to inflict such harm.

Finally, it is to be noted that facts which are offered by the state to establish an element of the rapes are not thereby ineligible from further consideration by the jury to establish an element of another offense (aggravated robbery) when the offenses are committed contemporaneously. Here the jury could reasonably find that the infliction of serious physical harm resulted from the rapes which were committed during a robbery. Therefore, this assignment of error is overruled.

The first assignment of error being sustained, the judgment is reversed as to the third count of kidnapping. This cause is remanded to the trial court for resentencing in accordance with the law and this opinion.

*Judgment affirmed in part, reversed in part, and cause remanded.*

QUILLIN, P.J., concurs.

MAHONEY, J., concurs in part and dissents in part.

MAHONEY, J., concurring and dissenting in part. I concur in the first and second assignments but dissent as to the third. I agree with the majority's statement that the rapes could inflict or could constitute an attempt to inflict serious physical harm as defined in R.C. 2901.01(E). However, in order to be guilty of aggravated robbery, the defendant must attempt to inflict or actually inflict serious physical harm while attempting to commit, committing or fleeing after committing a theft offense.

In the instant case, the defendant slapped the victim and demanded and obtained her money. When the money was obtained, the theft offense was completed. The rapes were subsequent to the commission of the theft offense and clearly were not committed while the defendant was fleeing. Since the rapes did not facilitate either the theft or the flight, I do not believe the rapes can constitute the infliction of, or attempted infliction of, serious physical harm necessary to constitute aggravated robbery.