THE STATE OF OHIO, APPELLEE, *v.* BUELL, APPELLANT.

216

(No. CA85-05-055 — Decided
December 9, 1985.)

*Gerald G. Froelke,* city prosecutor,
for appellee.

*James E. Cooney,* for appellant.

JONES, J. Defendant-appellant,
Lizabeth J. Buell, appeals her conviction
of operating a motor vehicle while under
the influence of alcohol in violation of
Fairfield Codified Ordinances Section
333.01(a).[1] Trial was conducted in the
Fairfield Municipal Court on May 1,
1985, and a jury found appellant guilty
as charged. The jury further found that

appellant had been convicted of more
than one violation of R.C. 4511.19 or a
similar municipal ordinance within a
five-year period immediately preceding
the current violation. Appellant was
sentenced to a term of ten months in jail,
fined $500 and had her driving rights
suspended for three years.

Appellant timely appealed her con-
viction and presents the following three
assignments of error:

First Assignment of Error

"Lizabeth Buell was denied her
right to a fair trial as guaranteed her by
the United States and Ohio Constitu-
tions because the pool of jurors assem-
bled to try her did not fairly represent a
cross section of the City of Fairfield in
that her jury pool was intentionally com-
posed only of persons whose surname
began with the letters A thru H."

Second Assignment of Error

"The trial court erred in holding
that where a third time D.U.I. offender
stands trial the two prior alcohol-related
driving convictions are an element of the
latest D.U.I. charge, and thus must be
alleged in the charging traffic citation,
must be proved by evidence at trial,
must form the basis for a jury instruc-
tion, and must be specifically addressed
by the jury's verdict."

Third Assignment of Error

"After the trial court erred in re-
quiring evidence of two previous D.U.I.
offenses be admitted into evidence be-
fore the jury, it further erred in failing
to instruct the jury at the time the evi-
dence came in why it was being admitted
and what limitations existed concerning
its use."

Under the first assignment of error,

---

[1] Fairfield Codified Ordinances Section
333.01(a), which is based on R.C. 4511.19,
provides that: "No person who is under the
influence of alcohol or any drug of abuse, or
the combined influence of alcohol and any
drug of abuse, shall operate any vehicle
within the Municipality."

appellant asserts that she was denied her constitutional right to a fair and impartial jury because the jury venire selected for appellant's case did not represent a fair cross-section of the community. The venire for appellant's trial consisted of fifty potential jurors whose surnames all began with the letters "A" through "H," inclusive. Omitted from this pool of potential jurors were citizens whose surnames began with the letters "I" through "Z." Appellant submits that it is the exclusion of this latter group of jurors which denied her the right to have a jury chosen from a fair cross-section of the community.

The Sixth and Fourteenth Amendments to the United States Constitution guarantee a criminal defendant the right to have a jury chosen from a fair cross-section of the community. *Duren* v. *Missouri* (1979), 439 U.S. 357; *State* v. *Puente* (1982), 69 Ohio St. 2d 136 [23 O.O.3d 178], certiorari denied (1982), 457 U.S. 1109. In order to ensure this constitutional guarantee, the jury must be selected without the systematic or intentional exclusion of any cognizable group. *State* v. *Malone* (1984), 15 Ohio App. 3d 123. However, "[u]nless prejudice to the defendant or the systematic and intentional exclusion of a group is shown, we will not reverse a judgment because of minor and technical defects in jury-selection procedures." *State* v. *Strodes* (1976), 48 Ohio St. 2d 113, at 115-116 [2 O.O.3d 271], vacated on other grounds (1978), 438 U.S. 911; *Puente, supra.*

A defendant must demonstrate three factors in order to sustain a challenge to a jury-selection procedure on the basis that the procedure involves a violation of the fair cross-section requirement. First, it must be shown that the group alleged to be excluded is a distinctive group in the community. The second requirement to be demonstrated is that the representation of this group in venires from which juries are selected

is not fair and reasonable in relation to the number of such persons in the community. Finally, the defendant is required to show that the underrepresentation is due to the systematic exclusion of the group in the jury-selection process. *Duren, supra; Puente, supra.*

In regard to the first prong, "[i]n determining whether a group excluded from jury service is a distinctive one, courts have looked to community prejudices towards the group." *Puente, supra,* at 139. It is extremely difficult to show that the excluded group in the case at bar is a distinctive group within the community. Even if it could be properly demonstrated that those jurors with surnames beginning with the letters "I" through "Z" constituted a distinctive community group, it becomes even more difficult to establish "community prejudices" towards the group. There is nothing in the record to show community prejudices against individuals whose surnames begin with the letters "I" through "Z."

Furthermore, the second element requires a defendant to "demonstrate the percentage of the community made up of the group alleged to be underrepresented, for this is the conceptual benchmark for the Sixth Amendment fair-cross-section requirement." *Duren, supra,* at 364. Again, there has been no showing of the percentage of the community which is composed of potential jurors with surnames in the "I" through "Z" range. Appellant's arguments that this particular section may be comprised of certain racial or ethnic groups whose surnames are more likely to begin with a letter excluded from the venire are speculative at best. We therefore find appellant's constitutional challenge to be without merit.

This is not to say, however, that we grant our imprimatur to the jury-selection procedure utilized by the Fairfield Municipal Court. When appellant objected to the venire, the trial judge

stated that the list of jurors as compiled was the "way it comes down from the Secretary of State's office." Although there is nothing in the record to reflect the manner in which jurors are selected in the Fairfield Municipal Court, R.C. 1901.25 provides that municipal court jurors may be chosen and summoned by the jury commissioners as provided in R.C. 2313.01 to 2313.26. As the Supreme Court stated in *Puente, supra,* at 139: "* * * R.C. Chapter 2313 contemplates a random selection of jurors * * *." The court also noted that while the failure to follow the procedures of R.C. Chapter 2313 may not in and of itself require a reversal, it does not mean that such practices should be countenanced since "[i]t is only when these random procedures are followed that the criminal justice system will be insulated from challenges such as the present one." *Puente, supra,* at 139.

A procedure that ensures the totally *random* selection of jurors from the *complete available* group of eligible jurors would be the preferred and recommended practice to safeguard the constitutional right of a criminal defendant to a jury composed of a fair cross-section of the community. However, having found no prejudice to appellant in the procedure herein, we overrule the first assignment of error.

Appellant's second and third assignments of error question the admission of evidence of appellant's former convictions for operating a motor vehicle under the influence of alcohol and the trial court's determination that these prior convictions were elements of appellant's pending charge. The issue is whether such prior convictions are elements of a pending charge or if the prior convictions are only relevant to the penalty enhancement provisions of the DUI laws.

By virtue of our recent decision in *State* v. *Jackson* (Sept. 30, 1985), Preble App. No. CA85-01-003, unreported, we find error in the court below and reverse appellant's conviction. In *Jackson,* we found that the prior DUI convictions of an accused are factors to be considered in sentencing. The prior convictions are not elements of the pending charge because "the number of times the accused has been previously convicted of violating R.C. 4511.19 is not in any way relevant to the question of whether the accused again committed the offense." *Jackson, supra,* at 5. The statutory language of R.C. 4511.19 and 4511.99 reflects a legislative intent to make prior convictions a part of the sentencing procedure, not one of the elements required to sustain a conviction. *Jackson, supra.* See, also, *State* v. *Cichy* (1984), 18 Ohio App. 3d 6. The fact that the case at bar involves the violation of a municipal ordinance rather than R.C. 4511.19 does not affect our decision since the Fairfield ordinance is modeled after R.C. 4511.19.

Since the prior convictions are not elements of the offense for which appellant was charged, it was error to allow evidence of the prior convictions to be submitted to the jurors, and its potentially prejudicial effect upon the jury was such that we cannot say beyond a reasonable doubt that, absent the evidence of the prior convictions, appellant would have been convicted. *Jackson, supra.* Accordingly, we find that appellant's second and third assignments of error are well-taken. The conviction is reversed and appellant is to be afforded a new trial.

*Judgment reversed*
*and cause remanded.*

KOEHLER, P.J., and CASTLE, J., concur.

CASTLE, J., retired, of the Twelfth Appellate District, was assigned to active duty pursuant to Section 6(C), Article IV, Constitution.