**STATE of Iowa, Appellee,**

v.

**Harold Ellis MOUNT, Appellant.**

**No. 86–1601.**

Supreme Court of Iowa.

April 13, 1988.

Rehearing Denied May 6, 1988.

Charles L. Harrington, Appellate Defender, and B. John Burns, Asst. Appellate Defender, for appellant.

Thomas J. Miller, Atty. Gen., David L. Dorff, Asst. Atty. Gen., and Mary E. Richards, Co. Atty., for appellee.

Considered by LARSON, P.J., and SCHULTZ, CARTER, LAVORATO, and NEUMAN, JJ.

NEUMAN, Justice.

On appeal from convictions for first-degree robbery and first-degree burglary, de-

fendant Harold Ellis Mount challenges trial court rulings concerning speedy trial, lesser included offenses, evidence, and imposition of mandatory minimum sentences. Because we conclude that the trial court erroneously refused to instruct the jury on lesser included offenses, we must reverse and remand for new trial.

The jury could have found the following facts. On June 1, 1986, a woman who had just returned to her apartment from an early morning walk headed back outside to purchase a can of pop. At her door was a stranger who forced his way into her apartment, chasing her out the back door and onto an adjoining rooftop. There he pinned her face down with his knee, demanding money. Out of the corner of her eye she spied a pistol lying nearby on the roof. Her assailant thwarted her attempt to grab it, using it himself to hit her about the head and hands. He then held the pistol to her head, asking her if she was ready to die. He twice pulled the trigger but the gun did not fire. The man fled when neighbors approached.

Using a Smith and Wesson composite kit, the victim was able to give the police a detailed description of her assailant. She was unable, however, to identify the gun from numerous illustrations shown her by the investigating officers. Some days later she observed an orange and maroon pickup matching one she remembered passing her on the morning of the assault. Based on this lead and her earlier description, police suspected Harold Mount. The victim made a somewhat uncertain identification of Mount from a photo array and later positively identified him at his place of employment. On June 25, Mount was charged by trial information with first-degree robbery, first-degree burglary, and two counts of assault while participating in a felony. *See* Iowa Code §§ 708.3, 711.2, 713.3 (1985).

At arraignment held June 30, 1986, a trial date of September 12 was ordered, consistent with Mount's right to trial within ninety days from indictment. *See* Iowa R.Crim.P. 27(2)(b). For reasons which have become the subject of this appeal, trial was delayed until September 29, 1986. A jury returned verdicts finding Mount guilty of both first-degree robbery and first-degree burglary, affirmatively answering an interrogatory concerning Mount's possession of a firearm at the time of the "offense." The trial court entered judgment accordingly, and this appeal followed.

As grounds for reversal of his convictions, Mount points to four errors allegedly made by the trial court: (1) refusal to dismiss the case on statutory speedy trial grounds, (2) refusal to instruct the jury on the lesser-included offenses of second-degree robbery and second-degree burglary, (3) permitting hearsay testimony by a police detective on the victim's account of the offense, and (4) imposing upon each conviction the mandatory minimum sentencing requirements of Iowa Code section 902.7 (1985). We shall consider the arguments in turn.

I. *Speedy Trial.* Iowa Rule of Criminal Procedure 27(2)(b) requires that a defendant "be brought to trial within ninety days after indictment is found." Because Mount was charged by trial information on June 25, his speedy trial date was September 23. On September 22, 1986, Mount moved for dismissal of the charges against him on the ground that his trial would not commence within the ninety-day requirement of the rule. The motion was denied.

In applying rule 27(2)(b), we have held that if trial is not commenced within the ninety-day period, the case must be dismissed unless one of three things has occurred: (1) the defendant has waived the right to a speedy trial, (2) the delay is attributable to the defendant, or (3) there is good cause for the delay. *State v. Bond*, 340 N.W.2d 276, 279 (Iowa 1983).

Here, the district court's denial of the motion to dismiss attributed the six-day delay to the defendant. To secure a reversal, the defendant must persuade us that the trial court abused its limited discretion. *State v. Donnell*, 239 N.W.2d 575, 579 (Iowa 1976). Although the question is a close one, our review of the chronology of events convinces us the defendant has not met his burden.

Mount filed motions to suppress identification and physical evidence on August 11, 1986, forty-two days after arraignment. Accompanying these were motions in limine and a motion for pretrial evidentiary ruling pursuant to Iowa Rule of Evidence 104. Notwithstanding the rule that motions to suppress shall be filed "no later than forty days after arraignment," Iowa R.Crim.P. 10(4), the State raised no objection, and the matters were scheduled for argument on September 8. At Mount's request, the hearing was moved up to September 5 in order to allow the court additional time for ruling prior to the September 12 trial date.

On September 12, all parties and the judge assigned to try the case were ready to proceed. The motions to suppress, taken under advisement by another judge, still had not been ruled upon. Given this circumstance, all agreed the case could not be tried as scheduled. The controversy centers on the court's exercise of its available options in light of this development.

█ Preliminarily, we reject Mount's contention that the motion judge spent an inordinate length of time ruling on the motions. The motion to suppress identification was premised on the theory that the procedure used to identify Mount was improper. Because identity was one of the fighting issues at trial, the court's mindful attention to Mount's motion was critical. The issue raised by the motion was a close one, as reflected by the court's carefully considered and researched, nine-page ruling. In view of the time apparently needed by defense counsel to frame the questions presented (forty-two days from arraignment), and in consideration of the numerous demands upon a trial judge's time, we do not find the one-week period from hearing to ruling unreasonable. *See State v. Ege,* 274 N.W.2d 350, 354–55 (Iowa 1979) (filing of notice of insanity on last day permitted by statute justified twenty-day delay); *Donnell,* 239 N.W.2d at 579 (fourteen-day delay attributable to defendant's late filing of suppression motion).

A closer question is presented by the trial court's determination that the next available trial date after September 12 was September 29, six days beyond the speedy trial deadline of September 23. The decision to forego commencement of the Mount trial during the weeks of September 15 or September 22 was reached by weighing a number of factors, most notably the commitment to try another speedy trial case on September 23. To accommodate the rule 27(2)(b) deadline for this latter case, the court had two options: schedule two jury trials in Story County where ordinarily only one jury trial would be in session at any given time; or delay the latter case until September 28. In the trial court's judgment, neither alternative was acceptable. The first would disrupt the trial calender in the county to which Judge Cady was already assigned on September 23. The second would unfairly burden the State by requiring it to reissue subpoenas and redo travel arrangements for numerous out-of-state witnesses.

In weighing the trial court's exercise of discretion in regard to these administrative details, we are mindful of the need to distinguish chronic court congestion from unique, nonrecurring events which create a specific scheduling problem. *State v. Bond,* 340 N.W.2d at 279. The former will not constitute good cause for failure to commence a criminal trial within ninety days of indictment, while the latter will. *See id.* and authority cited there. We are convinced that the disruption caused by the delayed ruling on Mount's late-filed motion constituted just cause for the court's decision to briefly delay commencement of Mount's trial. Thus we find no abuse in the trial court's refusal to dismiss the case on this ground.

II. *Lesser–Included Offenses.* At the close of trial, Mount requested that the court instruct the jury on second-degree robbery and second-degree burglary, lesser-included offenses of the two major crimes with which Mount was charged. The request was denied by the district court. Noting that the State had produced "some" evidence on each of the essential elements of first-degree robbery and first-degree burglary, the court observed:

Defense doesn't attack the allegations except to say I was not the person that did it. So it's either an all or nothing proposition here.... The same goes for ... Burglary in the Second Degree. Again, as this case has shaped up, the Defendant either did what the State said or didn't do what the State said.

The court's reliance on this "all or nothing" rationale prompts us to revisit the question of the court's duty to instruct on lesser-included offenses where, as here, defendant's primary defense is that of alibi.

Iowa Rule of Criminal Procedure 6(3) states:

> In cases where the public offense charged may include some lesser offense it is the duty of the trial court to instruct the jury, not only as to the public offense charged but as to all lesser offenses of which the accused *might* be found guilty under the indictment and upon the evidence adduced....

(Emphasis added.) Applying this rule, the court has developed a familiar two-step analysis for determining whether a crime is an included offense requiring a jury instruction:

> The legal or element test requires the lesser offense to be composed solely of some but not all of the elements of the greater offense.... The factual test requires the court to determine whether there is a sufficient factual basis in the record for submitting the included offense.

*State v. Luckett,* 387 N.W.2d 298, 299 (Iowa 1986).

The State concedes the legal tests were met for submitting the lesser-included offenses of second-degree robbery and second-degree burglary. Both first-degree robbery and first-degree burglary are identical to their second-degree counterparts, with the addition of aggravating circumstances. *See* Iowa Code §§ 711.1, .2, .3; 713.1, .3, .5 (1985). In other words, the minor offense is an elementary part of the major offense, making it impossible to commit the greater crime without also committing the lesser. *Luckett,* 387 N.W.2d at 299; *see also State v. Sangster,* 299 N.W.

2d 661, 663 (Iowa 1980); *State v. Redmon,* 244 N.W.2d 792, 801 (Iowa 1976).

The question is whether the evidence meets the *factual test,* an ad hoc determination made on a case by case basis. *See Sangster,* 299 N.W.2d at 663; *State v. Furnald,* 263 N.W.2d 751, 752 (Iowa 1978). It is clear that "when there is a factual basis in the record for submitting the included offenses, those offenses *must* be submitted. Failure to do so will necessitate a new trial." *Cuevas v. State,* 415 N.W.2d 630, 633 (Iowa 1987) (emphasis added); *accord State v. Millspaugh,* 257 N.W.2d 513, 516 (Iowa 1977); *State v. Reese,* 259 N.W.2d 771, 778–79 (Iowa 1977).

What is less clear is the standard by which we will judge the sufficiency of the evidence triggering the duty to instruct under rule 6(3). *Compare State v. Leedom,* 247 Iowa 911, 917, 76 N.W.2d 773, 777, (1956) (evidence must be such that the jury might find the defendant not guilty of the major crime charged but guilty of one of the inclusion) *and State v. Pilcher,* 158 N.W.2d 631, 635 (Iowa 1968) (test is whether evidence would be sufficient to take the case to the jury if the included offense was the sole charge against the defendant) *and State v. Cuevas,* 282 N.W.2d 74, 78 (Iowa 1979) (possibility that jury could have disbelieved State's witness on issue of defendant's intent to murder justified inclusion of instruction on second-degree murder as well as first-degree felony murder) *with State v. Morgan,* 322 N.W.2d 68, 69–70 (Iowa 1982) (record must contain substantial evidence controverting element which distinguishes major offense from lesser included) *and State v. Luckett,* 387 N.W.2d 298, 300 (Iowa 1986) (requiring substantial evidence controverting one or more of the elements of the major crime to justify submission of the lesser offense).

We have never suggested, however, that a defendant's reliance on an alibi defense lessens the State's burden of proving each and every element of the offense charged beyond a reasonable doubt. As we said in *Morgan,* one firmly grounded general principle of our jurisprudence is that by pleading not guilty, a defendant places all the

elements of the charge in issue. *Morgan*, 322 N.W.2d at 69. Moreover, a defendant's failure to controvert the State's evidence does not elevate it to a verity. *See id.; State v. Lamar*, 210 N.W.2d 600, 604 (Iowa 1973).

 This case illustrates the important interplay of these principles, and the error of relying too swiftly on an "all or nothing" rule. Identity of the assailant (and hence the validity of Mount's alibi) was not the only contested issue. Based on evidence produced by the State (or lack thereof) the defense contended the "gun" was, in fact, a toy. The inference was reasonable, defense argued, because the State failed to produce the weapon, the victim was unable to match her recollection of a gun with numerous illustrations furnished by the police, and the alleged weapon did not fire when the trigger was twice pulled. Thus at the close of the evidence, Mount moved for directed verdict on the first-degree robbery count claiming the record lacked sufficient evidence of intent to inflict serious injury, the aggravating circumstance elevating robbery to first-degree robbery. *See* Iowa Code § 711.2.

Overruling Mount's motion, the court stated that "[w]hether or not Defendant had the ability to carry out the infliction of any serious injury is for the jury to determine and not for this court to determine as a matter of law." As Mount aptly notes, in one breath the district court left it to the jury to decide whether aggravated circumstances existed to elevate second-degree robbery to first-degree robbery, then in the next breath took away the means of arriving at such a decision by refusing to instruct on robbery in the second degree.

Similarly, Mount moved for judgment of acquittal on the count alleging burglary in the first degree, on the ground that "there is insufficient evidence to indicate that the assailant was in the possession of a firearm at the time of entering the apartment." The court also left this question for the jury, and then refused to instruct on the offense of burglary in the second degree for the same reason it rejected the first-degree robbery instruction.

Notwithstanding Mount's alibi defense, the State was required to prove all elements of the crimes beyond a reasonable doubt, including those elements of the greater offenses which were dissimilar from the elements of the lesser offenses. *State v. Luckett*, 387 N.W.2d at 302 (Carter, J., concurring). Here, the jury could have reasonably rejected both defendant's alibi theory and the State's evidence which would elevate the crimes to first degree. There was no dispute that the record contained sufficient evidence on the elements common to both the greater and lesser offenses. Thus the court was duty bound to instruct "as to all lesser offenses of which the accused might be found guilty ... upon the evidence adduced." Iowa R.Crim.P. 6(3).

In other words, the duty to instruct on lesser included offenses is not the exception, but the rule. Thus we hold that a trial court must instruct on lesser offenses unless a reasonable person viewing the evidence could *only* conclude that the major offense, or no offense, has been committed. Because we think that under the record before us the trial court effectively decided as a matter of law issues which should reasonably have been left to the jury, we reverse Mount's conviction and remand for a new trial.

III. *Remaining Issues.* We address only briefly two remaining questions raised by Mount on appeal that may recur on retrial.

A. *Hearsay.* The investigating police officer was allowed by the trial court, over Mount's timely objection, to recount in detail the victim's description of the incident. Mount claims the admission of this hearsay testimony created the aura of an "official version" of the incident, much to Mount's prejudice. The State contends the testimony was not hearsay, claiming it was merely foundation for the detective's testimony concerning the complaint, his investigation, and the making of a composite.

 We have said that the scope of such testimony should ordinarily be limited to that which will identify the complaint with

the crime charged. *State v. Grady,* 183 N.W.2d 707, 716 (Iowa 1971). If the investigating officer specifically repeats a victim's complaint of a particular crime, it is likely that the testimony will be construed by the jury as evidence of the facts asserted. *State v. Doughty,* 359 N.W.2d 439, 442 (Iowa 1984). Under these circumstances, the statements must be excluded as hearsay. *Id.*

As in *Doughty,* we believe the testimony proferred here approaches the line of inadmissibility because it went beyond the point of merely explaining why certain responsive actions were taken by the investigator. On retrial, we trust the State will follow the better practice of relying on the victim's firsthand description of her assailant and the facts giving rise to the complaint.

B. *Minimum Sentences.* The district court imposed mandatory minimum sentences on each of Mount's convictions, based on a single interrogatory answered by the jury concerning Mount's possession of a firearm. The sentences were to be served consecutively. Although Mount does not contest the court's authority to impose consecutive sentences, he claims that the imposition of two minimum sentences under Iowa Code section 902.7 violates the constitutional proscription against double punishment. *See Missouri v. Hunter,* 459 U.S. 359, 366, 103 S.Ct. 673, 678, 74 L.Ed.2d 535, 542 (1983).

Because it would be inappropriate for us to speculate on what may be the outcome of Mount's retrial, we need not address the constitutional question raised. But to avoid potential uncertainty regarding the factual basis for enhanced punishment under section 902.7, we caution the trial court to interrogate the jury concerning possession of a firearm on each offense submitted.

REVERSED AND REMANDED.