851 P.2d 860

**STATE of Arizona, Appellee,**

v.

**Olas McPHAUL, Appellant.**

**No. 1 CA–CR 91–0270.**

Court of Appeals of Arizona, Division 1, Department A.

Dec. 24, 1992.

Review Denied June 2, 1993.

Grant Woods, Atty. Gen. by Paul J. McMurdie, Chief Counsel, Crim. Div., and Colleen L. French, Asst. Atty. Gen., Phoenix, for appellee.

Neal W. Bassett, Phoenix, for appellant.

## OPINION

KLEINSCHMIDT, Judge.

The defendant appeals from his conviction, following a jury trial, of attempted

armed robbery, a dangerous offense with a prior conviction. After conviction, it was determined that the offense had been committed while the defendant was on parole. He was sentenced to life in prison. Because we find that the trial court erred by failing to give a lesser included instruction on attempted robbery, we reverse and remand.

The events that gave rise to the charge were as follows. On an evening in August 1990, a man attempted to rob a self-service gas station in Phoenix. According to the cashier, the robber jumped over the counter with a knife in his hand and told her he was robbing the station. The robber demanded that the cashier open the cash register, and he hit her in the face several times. The cashier had difficulty opening the cash register, and while she was attempting to do so, a customer began to enter the station. The robber told the customer that the station was closed for inventory. The diversion allowed the cashier to escape out a side door, and when she did, the robber got in his car to leave the station. The cashier immediately called the police and gave them his license number.

The defendant was arrested a few minutes later in a nearby residential neighborhood. Shortly thereafter, the cashier identified the defendant as the man who robbed her. At the time the defendant was arrested, he was not wearing a shirt, although the cashier said the robber had been wearing a T-shirt. A T-shirt, but no knife, was found in the defendant's car. Later that night the police found a knife in the street in an area where the defendant's car had been driven, near where the defendant was arrested. The police tested the knife for fingerprints, but the defendant's fingerprints were not found on it.

The defendant denied that he had tried to rob the station. He testified that he stopped at the station with a hitchhiker he had picked up and that he, the defendant, made a telephone call and urinated in some bushes near the station. When he returned to his car, the hitchhiker was gone and he, the defendant, drove away.

Portions of the attempted robbery had been recorded on a videotape which was admitted in evidence. The tape is not very clear but arguably it does not show a knife in the robber's hands. Before the closing arguments, the defendant requested a lesser included instruction on attempted robbery, arguing that the jury could conclude that the robber did not have a knife. The trial judge denied the requested instruction, saying:

> Inasmuch as the defendant has denied participating in the crime as charged, defendant is not entitled to a lesser included instruction.
>
> . . . .
>
> ... When a defendant denies having committed a particular offense, on the stand, under oath, he is not entitled to a lesser included instruction. Because he did it or he didn't.

The state's principal argument is that the trial judge was correct for the very reason that he expressed. We disagree.

■■■ The state has the burden of proving every element of a crime beyond a reasonable doubt. *See, e.g., State v. Main,* 159 Ariz. 96, 764 P.2d 1155 (App.1988). When any theory of the defense is reasonably supported by the evidence, it is reversible error to refuse a lesser included instruction. *State v. Celaya,* 135 Ariz. 248, 660 P.2d 849 (1983). We see nothing inconsistent, illogical or improper about a defendant saying, "I was not the person who committed the robbery, but even if you do not believe me, the evidence shows that whoever did commit it was not armed."

The Arizona case we consider to be most closely in point is *State v. Dugan,* 125 Ariz. 194, 608 P.2d 771 (1980). There, the defendant was charged with robbery. The victim, a cashier in a convenience store, testified that the defendant and another man who had a bulge under his coat entered the store and disabled the video cameras. He said that the defendant took money from the cash register while the other man kept a lookout. The cashier recognized the defendant as a person who had patronized the store on other occasions.

The defendant admitted having been in the store but said that he had merely made a purchase and left without taking any money with him. He asked for a lesser included offense instruction on the theory that the state had failed to prove the element of fear on the part of the victim necessary to sustain a conviction for robbery. The trial court refused the instruction, and the supreme court reversed. In doing so, the supreme court said:

> While a total denial of guilty by defendant may give rise to the guilt or innocent situation, for which the state contends, reason persuades us that such is not the case here. *See State v. Schroeder,* 95 Ariz. 255, 389 P.2d 255 (1964). The jury might believe the cashier's story in its entirety, or it might believe the defendant's story in its entirety. However, on the record, the jury could also believe certain parts of the cashier's testimony, discounting others, and by believing parts of [the defendant's] testimony and disbelieving others, could find him guilty of theft and not guilty of robbery, simply because the element of fear was not credibly established. Therefore, the requested instruction to charge the jury on the crime of theft was erroneously refused.

*Id.* 125 Ariz. at 196, 608 P.2d at 773.

We do not believe the supreme court's introductory remark about a denial perhaps precluding a lesser included instruction is anything more than an acknowledgement of the state's argument. *Dugan* is very similar to the case we now decide.

Other courts have squarely reached the result that we reach. In *State v. Mount,* 422 N.W.2d 497 (Iowa 1988), the defendant was convicted of first-degree robbery and first-degree burglary. His defense was that he was not the person who had committed the crime. He requested a lesser included instruction on second-degree robbery and second-degree burglary, and it was conceded that under the state of the evidence the jury could have found that whoever committed the crime had a toy gun, and not a real firearm. This was the element which distinguished the two classes of offenses.

The trial judge refused to give a lesser included offense instruction, observing, in a statement remarkably similar to what the trial judge said in the case before us:

> Defense doesn't attack the allegations except to say I was not the person that did it. So it's either an all or nothing proposition here.... The same goes for ... Burglary in the Second Degree. Again, as this case has shaped up, the Defendant either did what the State said or didn't do what the State said.

The Supreme Court of Iowa concluded that this was error. In doing so it said:

> We have never suggested, however, that a defendant's reliance on an alibi defense lessens the State's burden of proving each and every element of the offense charged beyond a reasonable doubt. As we said in *Morgan,* one firmly grounded general principle of our jurisprudence is that by pleading not guilty, a defendant places all the elements of the charge in issue.
>
> ....
>
> Notwithstanding Mount's alibi defense, the State was required to prove all elements of the crimes beyond a reasonable doubt, including those elements of the greater offenses which were dissimilar from the elements of the lesser offenses.

*Id.* at 500, 501.

Decisions from other courts also address and directly support our conclusion. *See People v. Eilers,* 231 Cal.App.3d 288, 282 Cal.Rptr. 252, 256 (1991); *Price v. United States,* 602 A.2d 641 (D.C.App.1992) (squarely stating the rule but refusing to apply it because no evidence supported a lesser included instruction). Still others impliedly accept the principle but do not apply it because there was no evidence from which the finder of fact could conclude that the lesser, as opposed to the greater, offense had been committed. *See State v. Barker,* 642 S.W.2d 735 (Tenn. App.1982); and *State v. Pacheco,* 107 Wash.2d 59, 726 P.2d 981 (1986).

We acknowledge that a few courts have reached a contrary result. *See Ferrell v.*

*State,* 198 Ga.App. 270, 401 S.E.2d 301 (1991); *State v. Strodes,* 48 Ohio St.2d 113, 357 N.E.2d 375 (1976); *Brooks v. State,* 799 S.W.2d 435 (Tex.App.1990). We decline to follow them.

The state refers to two Arizona cases, *State v. Yarbrough,* 131 Ariz. 70, 638 P.2d 737 (App.1981), and *State v. Tims,* 143 Ariz. 196, 693 P.2d 333 (1985), to support its argument. Neither helps the state because in neither was there *any* evidence presented from which the finder of fact could conclude that anything except the greater offense had been committed.

The state, in a single sentence in its brief, asserts that the absence of a knife was never an issue at trial. To whatever degree that might be correct—and we do not believe that it is correct because both counsel in arguing the issue of identity to the jury commented upon the failure of the videotape to disclose a knife—it would only be correct because of the judge's refusal to give the requested instruction. Here, as in *Mount,* the state's evidence cast doubt on the presence of a knife. *See* 422 N.W.2d at 501. The videotape of the crime was physical, objective evidence which could be viewed as contradicting the victim's statement about being threatened with a knife. No knife was ever directly linked to the defendant. This was enough to support a jury instruction for the lesser included offense of attempted robbery. *See Dugan,* 125 Ariz. at 196, 608 P.2d at 773; *State v. Jackson,* 121 Ariz. 277, 589 P.2d 1309 (1979).

We are also aware of the recent opinion of our supreme court in *State v. Soule,* 168 Ariz. 134, 811 P.2d 1071 (1991), which held that a defendant must admit the elements of an offense before he can plead entrapment. The court reasoned that to "allow a defendant to testify as to two defenses that cannot *both* be true is equivalent to sanctioning a defendant's perjury." *Id.* at 136, 811 P.2d at 1073. *Soule* has no ramification for the case now before us. We read it to be limited to cases in which the defen-

dant pleads entrapment. In any event, here the defendant is not asserting inconsistent defenses. The defendant maintained a consistent theory of defense, but as the trial unfolded the state's evidence called into question whether the robber had a knife. We repeat, there is nothing inconsistent, improper, or illogical about the assertion that "I was not the person who committed the robbery, but even if you do not believe me, the evidence shows that whoever did commit it was not armed."

The defendant also contends that at the time of the offense, he was not on parole so his sentence should not have been enhanced under A.R.S. § 13–604.02. The record shows that defendant's California parole was suspended because he had absconded. This did not mean that the defendant was not still on parole as contemplated by the Arizona statute. The trial court did not err in giving effect to A.R.S. § 13–604.02. *See State v. Hurley,* 154 Ariz. 124, 741 P.2d 257 (1987).

The judgment of conviction and sentence are vacated, and this case is remanded for a new trial.

LANKFORD, P.J., and O'MELIA, J.*, concur.