OPINION
James H. Ervin, Jr. is appealing from his conviction and sentence by the Municipal Court of Clark County, Ohio, for driving under the influence of alcohol. He was initially charged with several other offenses, but as part of the plea bargain, these were withdrawn, and he pled guilty to the single offense of DUI. Because the trial court found he had four prior DUI offenses in the six years preceding the current one, it could and did impose the maximum penalty of 365 days incarceration. He is appealing only the length of his sentence with the following assignment of error:
 THE TRIAL COURT ERRED AND ABUSED ITS DISCRETION WHEN IT DID NOT APPLY THE PLAIN LANGUAGE OF CRIMINAL RULE 32(C) IN DETERMINING APPELLANT'S PRIOR CONVICTIONS BEFORE SENTENCING THE APPELLANT PURSUANT TO O.R.C. § 4511.99.
This issue had been raised by Ervin, represented by counsel, in a motion to the trial court, requesting that he be charged with only one prior DUI offense within the six-year period.
The trial court, in a carefully reasoned opinion and decision, disposed of that motion as follows:
 This matter was before the court on January 22, 1999 upon the motion of the defendant, James H. Ervin, Jr., for treatment as a second offender within a six-year period under the sentencing provisions of O.R.C. 4511.99. Ervin pleaded guilty to driving while under the influence of alcohol in violation of O.R.C. 4511.19(A) (1) in this case on November 12, 1998. James Marshall represents Ervin; Denise L. Moody represents the state.
 Ervin's brief refers to ". . . five prior DUI convictions dating back to May 6, 1992, to wit: May 6, 1992 (line 29); July 28, 1993 (line 37); August 7, 1995 (line 53); November 8, 1996 (line 60); and January 22, 1998 (line 71)." The sentencing statute provides for enhanced minimum required and maximum possible penalties depending on the number of prior convictions within the previous six years.
 Ervin challenges the 1992 conviction as outside the six-year period. He challenges the 1993, 1995, and the 1998 convictions on the grounds that the records memorializing these past pleas and sentences do not satisfy all of the requirements specified in Criminal Rule 32(C). The pertinent portions of Criminal Rule 32(C) state that, "A judgment of conviction shall set forth the plea, the verdict or findings, and the sentence . . . The judge shall sign the judgment and the clerk shall enter it on the journal. A judgment is effective only when entered on the journal by the clerk." Ervin cites State v. Murray (February 9, 1994), Clark Co. Court of Appeals No. 3071, unrep., for the proposition that any Criminal Rule 32 defects in the Judgment Entries in prior cases negates their validity as prior convictions for the purpose of enhancing minimum required and maximum possible penalties here. He candidly states that his argument is a "technical" one.
 The state agrees that some of the entries are defective by Criminal Rule 32 standards. It counters that the legislature's policy of enhanced penalties for multiple offenders would be defeated by granting Ervin's motion and that the language of O.R.C. 4511.99 counts prior [sic] as those where the defendant was "convicted or pled guilty." Finally, the state points out that it does not bear the burden of proving prior convictions.
 O.R.C. 4511.99 sets forth a sentencing scheme for DUI offenders which increases the minimum mandatory and maximum possible sentences depending on the number of prior convictions. For three (3) or more priors, the statute requires the following penalties:
 a minimum mandatory 60 days in jail, a maximum possible sentence of one year,
 attendance at an alcohol and drug treatment program certified by the State of Ohio Department of Alcohol and Drug Addiction Services,
 a minimum fine of $750.00 and a maximum possible fine of $10,000,
 a minimum license suspension of three years and possible permanent revocation,
 and forfeiture of the vehicle the defendant was operating.
 O.R.C. 4511.99(A) (4) (a); O.R.C. 4507.16(B) (4). The pertinent language referring to priors states, "If, within six years of the offense, the offender has been convicted of or pleaded guilty to three or more violations of division (A) or (B) of section 4511.19 of the Revised Code . . ." O.R.C. 4511.99(A) (4) (a). If the defendant has prior convictions or pleas of guilty, the court must use the applicable 4511.99 provisions in sentencing. State v. Cichy (1984), 18 Ohio App.3d 6. Prior convictions are not elements of the pending charge and are relevant only for sentencing enhancement purposes. See, State v. Allen (1987), 29 Ohio St.3d 53; State v. Buell (1985), 29 Ohio App.3d 215, syllabus 2.
 Courts across the state typically rely upon a L.E.A.D.S. printout of a defendant's driving history to determine the number of past offenses that count as priors for sentencing in the cases before them. See, Defendant's Exhibit A appended to motion. The court presumes the validity of the proceedings underlying the information contained in the printout. See, State v. Brandon (1989), 45 Ohio St.3d 85. The defendant must come forward with sufficient evidence to the contrary to establish a prima-facie showing of error. Id. If he does so, then the state must respond.
 Ervin's first challenge to prior convictions is to his May 6, 1992 offense (line 29 of the L.E.A.D.S. record). He incurred the charge on August 24, 1991, and was convicted on May 6, 1992. He incurred the current charge on August 22, 1998. Since the statute counts priors within six (6) years back from the date of the offense, the six-year period begins to run from August 22, 1998. O.R.C. 4511.99(A) (4) (a). Thus, the L.E.A.D.S. record supports his contention that the May 6, 1992 conviction is outside the six-year look-back period.
 His second challenge is to the July 28, 1993 (line 37) L.E.A.D.S. entry on the grounds that since the "DUI occurred outside of Clark County, Ohio, there is no way to determine from the driving printout itself that his DUI conviction complies with Criminal Rule 32(C)." Since Ervin bears the burden of going forward, he has not provided any information which would overcome the presumption of validity of the proceedings of that court. Viewed solely from this narrow perspective, Ervin's challenge on this ground must fail.
 However, the court's review of the BMV printout reveals that the plea noted on the printout is "not guilty," and there is no further reference to the case. If this were the only information available to the court, then the case would not count as a prior conviction. However, a certified copy of the Judgment Entry in that case, Joint Exhibit D, shows a fine, jail sentence, license suspension, judge's signature, and a file stamp. Further examination shows that the form is a multipurpose one used to record the handling of a case from initial appearance through final disposition. In this instance, Ervin pleaded not guilty at arraignment. The Joint Exhibit shows error in that the judge did not mark the box changing the plea of "not guilty" at sentencing.
 What this establishes is exactly what Ervin, through counsel, candidly states — a technical error in memorializing the proceedings that led to the imposition of sentence. Thus, he is making a distinction between the fact of conviction and the recording of the conviction in proper form — a distinction between the happening of events that led to the sentence and the existence of technically correct paperwork documenting those events.
 In that regard, the things Ervin does not claim are significant. He does not claim that he did not commit the prior offenses, that he did not enter a plea, or that he did not receive and serve a sentence. He does not indicate there any were [sic] appeals on his prior cases. It is not customary for a judge to impose a sentence without a plea in a case, and it would be unusual for a defendant to serve a sentence, unchallenged, without entering a plea.
 Unlike Murray, where the state bore the burden of proof, here Ervin bears the burden of rebutting the presumption of the validity of the prior proceedings. A bare claim of technical error, without more, does not meet this burden. What he has established is exactly what he candidly states — the paperwork is not perfect. Absent any factual challenges, he has not produced sufficient evidence to rebut the presumption of the regularity of the Champaign County proceedings.
 Ervin's challenge to the August, 1995 (line 53) conviction is that the sentencing entry does not set forth the verdict. See, Joint Exhibit B. In other words, although the entry reflects a plea of no contest, the guilty box is not checked. He has not challenged this entry on any other basis, and, again, does not contest the underlying facts or that he served the jail sentence imposed and paid the fines and costs. As with his 1993 case, he has not sustained his burden of proof that there was not a conviction.
 The last challenge is to the January 22, 1998 (line 71) conviction on the grounds that the time stamp of December 15, 1997 does not match the date the court imposed sentence, which was on February 5, 1998. See, Joint Exhibit C. However, the Exhibit indicates a plea of "guilty" to the charge which Ervin does not dispute. The statutory language referring to priors includes situations where the offender has "pleaded guilty." O.R.C. 4511.99(A) (4) (a). Thus, this case counts as a prior for sentencing purposes here.
 Since the court concludes that Ervin has not established a prima-facie case challenging each of the priors from 1993, 1995, and 1998, THE COURT DENIES HIS MOTION TO TREAT HIM AS A SECOND OFFENDER.
IT IS SO ORDERED.
The foregoing analysis by the trial court is correct. This court has long held that prior convictions of DUI do not elevate the offense to one of a more serious degree and, therefore, since they are not an essential element of the current offense, they need not be alleged in the indictment or proved as a matter of fact by the State. State v. Raper (Dec. 21, 1984), Montgomery App. No. 8847, unreported. This holding was upheld by the Ohio Supreme Court in State v. Allen (1987), 29 Ohio St.3d 53. The Court of Appeals of Franklin County has stated that "The trial court has broad discretion to receive and to consider information submitted to it in sentencing so long as a specific procedure is not mandated by statute, limited only by considerations of fairness to the parties." City of Columbus v. Malinchak (Mar. 29, 1988), Franklin App. No. 87 AP-1038, unreported. The appellate court in Malinchak held that the trial court did not abuse its discretion in considering the report from the Bureau of Motor Vehicles as evidence of the defendant's prior convictions of DUI. The court in the case sub judice also considered such a BMV report but, in addition, it had other evidence of the convictions before it as stated in its opinion.
Ervin relies on the decision by this court in State v. Murray
(Feb. 9, 1994), Clark App. No. 3071, unreported. In Murray, however, the State had the burden of proving a prior conviction as an element, in fact the central element, of the offense charged.Murray, therefore, and similar decisions cited by Ervin, are inapplicable when the prior convictions are not an element of the offense charged, but merely used by the trial court to enhance the sentence.
At the hearing on Ervin's motion, his counsel, with commendable candor, did not attack the facts of the prior convictions. "Jimmy is not arguing that he is not the person named in these documents." Tr. 8. The State did not have to prove the prior convictions by the standards set forth in Crim.R. 32, which requires a judgment to be entered on the journal by the clerk before it is effective. As stated in Malinchak, the trial court has "broad discretion" to consider any evidence of prior convictions as long as the procedure is fair to the parties. Here, although three of the four prior convictions asserted by the court had technical paperwork deficiencies in some respects, the evidence was sufficient to support the trial court's determination that these prior convictions actually existed.
The assignment of error is overruled.
The judgment is affirmed.
WOLFF, J. and FAIN, J., concur.