OPINION
{¶ 1} Defendant-appellant, Jacqueline M. Ferrell, appeals her conviction, following a jury trial, in the Mahoning County Court, Area No. 4, for driving under the influence ("DUI"), in violation of R.C. 4511.19(A)(1).
 {¶ 2} On May 16, 2002, appellant was driving on Meridian Rd. in Austintown Township, Ohio, when Ohio State Highway Patrol Trooper Eric Brown determined by radar that appellant was driving her vehicle 45 m.p.h. in a 35 m.p.h. zone. Before stopping the vehicle, Trooper Brown observed appellant "brush" the curb once with her vehicle, come close to it another time, and make a wide turn and another turn without signaling. After stopping the vehicle, Trooper Brown observed that appellant exhibited a "blank stare." He also detected an odor of alcohol, observed that she had blood shot eyes, and that she slurred her speech. Appellant refused Trooper Brown's request to perform field sobriety tests. Trooper Brown placed appellant under arrest for DUI and appellant subsequently refused a chemical breath test. Trooper Brown charged appellant with DUI, in violation of R.C. 4511.19(A)(1), speed, in violation of R.C. 4511.21(C), and failing to wear a safety belt, in violation of R.C. 4513.263. Trooper Brown also noted on the citation that this was appellant's second offense for DUI within the past six years.
 {¶ 3} Appellant pleaded not guilty. The case proceeded to a jury trial on September 10, 2002. Trooper Brown was the only witness presented by plaintiff-appellee, State of Ohio. During the direct examination of Trooper Brown by appellee, Trooper Brown indicated that appellant had a previous conviction for DUI. Appellant's counsel objected and requested a mistrial. The exact exchange went as follows:
 {¶ 4} "[Trooper Brown]: * * * Her vehicle was towed out of the driveway. May I explain why?
 {¶ 5} "[Prosecutor]: Yes.
 {¶ 6} "[Trooper Brown]: In Ohio, anytime somebody has two or more DUI's —
 {¶ 7} "MR. MERANTO: Objection. Move to strike." (Tr. 24.)
 {¶ 8} The trial court then recessed the jury. The court sustained the objection made by appellant's attorney and went on to hear arguments on an additional motion for mistrial. The trial court declined to rule on the motion at that time and called the jury back in. The trial court told the jury, "The last question and answer, the Court is ordering to be stricken from the record, so you are to disregard both the question and the answer." (Tr. 30.) The trial court apparently overruled appellant's motion for a mistrial and the jury ultimately found appellant guilty.
 {¶ 9} The trial court sentenced appellant to one hundred eighty days in jail with one hundred sixty days suspended, plus fines and costs. The trial court stayed appellant's sentence and this appeal followed.
 {¶ 10} Appellant's sole assignment of error states:
 {¶ 11} "The trial [court] (SIC) committed prejudicial error by failing to give a curative instruction to the jury regarding evidence of appellant's inadmissible prior conviction or to grant appellant's request for a mistrial."
 {¶ 12} Citing R.C. 2945.49 and Evid.R. 404(B), appellant argues that the revelation of her prior conviction for DUI to the jury by appellee was prejudicial error.
 {¶ 13} R.C. 2945.59 and Evid.R. 404(B) provide the rules for the admission or exclusion of other crimes, wrongs, or acts. R.C.2945.59 states:
 {¶ 14} "In any criminal case in which the defendant's motive or intent, the absence of mistake or accident on his part, or the defendant's scheme, plan, or system in doing an act is material, any acts of the defendant which tend to show his motive or intent, the absence of mistake or accident on his part, or the defendant's scheme, plan, or system in doing the act in question may be proved, whether they are contemporaneous with or prior or subsequent thereto, notwithstanding that such proof may show or tend to show the commission of another crime by the defendant."
 {¶ 15} Evid.R. 404(B) provides:
 {¶ 16} "Evidence of other crimes, wrongs, or acts is not admissible to prove the character of a person in order to show that he acted in conformity therewith. It may, however, be admissible for other purposes, such as proof of motive, opportunity, intent, preparation, plan, knowledge, identity, or absence of mistake or accident."
 {¶ 17} Generally, these rules are to be construed against admissibility of the "other acts" evidence. State v. Burson
(1974), 38 Ohio St.2d 157, 158, 67 O.O.2d 174, 311 N.E.2d 526.
 {¶ 18} The admission and exclusion of evidence are within the broad discretion of the trial court. State v. Mays (1996),108 Ohio App.3d 598, 617, 671 N.E.2d 553. "A reviewing court should be slow to interfere unless the court has clearly abused its discretion and a party has been materially prejudiced thereby." Id. An abuse of discretion is more than a mere error of law or of judgment; it implies an attitude that is unreasonable, unconscionable or arbitrary. State v. Adams (1980),62 Ohio St.2d 151, 156, 16 O.O.3d 169, 404 N.E.2d 144.
 {¶ 19} Where a prior conviction enhances only the penalty of an offense, it is not an essential element of the subsequent offense and is strictly a sentencing consideration for the court.State v. Allen (1987), 29 Ohio St.3d 53, 55, 29 OBR 436,506 N.E.2d 199. "[P]rior convictions are not elements of the pending charge because the number of times the accused has been previously convicted of violating R.C. 4511.19 is not in any way relevant to the question of whether the accused again committed the offense. The statutory language of R.C. 4511.19 and 4511.99
reflects a legislative intent to make prior convictions a part of the sentencing procedure, not one of the elements required to sustain a conviction." (Internal citations and quotation marks omitted.) State v. Buell (1985), 29 Ohio App.3d 215, 218, 29 OBR 260, 504 N.E.2d 1161. Consequently, admission of evidence of prior convictions for the same offense is prejudicial and grounds for a new trial. Id.
 {¶ 20} In this case, there is no question that the jury should never have heard of appellant's previous conviction. Her previous conviction only served to enhance the potential sentence following conviction and was not an element of the present offense itself. However, the trial court did give a limiting instruction to the jury. The trial court advised the jury to disregard both the question and answer which revealed appellant's conviction. A jury is presumed to follow the instructions given to it by the trial court. State v. Loza (1994),71 Ohio St.3d 61, 75, 641 N.E.2d 1082.
 {¶ 21} The question then becomes whether the instruction to the jury was enough to cure the error to the point that it was no longer prejudicial. On this issue, the Ohio Supreme Court's decision in State v. Allen (1987), 29 Ohio St.3d 53, 29 OBR 436,506 N.E.2d 199, is instructive. In Allen, the defendant had been convicted of driving under the influence twice within five years. These prior convictions were revealed to the jury at his third driving under the influence trial. In addition, there were no blood alcohol tests submitted to the jury. The court held that it was not persuaded that the jury would have convicted the defendant absent the revelation. The court stated:
 {¶ 22} "The existence of a prior offense is such an inflammatory fact that ordinarily it should not be revealed to the jury unless specifically permitted under statute or rule. The undeniable effect of such information is to incite the jury to convict based on past misconduct rather than restrict their attention to the offense at hand For this reason, we do not consider the trial court's admonitions to the jury that [defendant's] prior convictions are immaterial to his guilt of the present charge sufficient to cure the error. Nor are we persuaded that [defendant] would have been convicted absent the disclosure to the jury of [defendant's] two prior convictions."
 {¶ 23} This case is much like Allen. After reviewing the record, there appears to be insufficient independent evidence that, if believed by the jury, supports appellant's conviction. The only evidence presented by appellee was in the form of testimony from Trooper Brown, the very person who disclosed appellant's previous conviction. Trooper Brown's testimony established only minor erratic driving and appellant's appearance and demeanor. Absent from the typical DUI trial was evidence of field sobriety tests and/or chemical breath tests. The limited testimony presented by Trooper Brown certainly could be sufficient in the typical case where there has been no evidence of prior convictions revealed. However, in this case, the argument is compelling that such scant evidence fails to overcome the prejudicial effect of the inappropriate evidence. In sum, the trial court's limiting instruction was inadequate to remedy the effect of the improperly disclosed evidence on the jury.
 {¶ 24} This case can be contrasted with that of State v.Brletich (June 28, 2000), 7th Dist. No. 98 CO 84. InBrletich this court acknowledged the general principle set forth in State v. Allen (1987), 29 Ohio St.3d 53, 29 OBR 436,506 N.E.2d 199. However, this court distinguished Brletich
because the defendant had failed three field sobriety tests and a blood alcohol test revealed a prohibited concentration. With such "overwhelming" evidence of defendant's guilt, this court concluded that the revelation of the prior conviction was nonprejudicial.
 {¶ 25} Accordingly, appellant's sole assignment of error is with merit.
 {¶ 26} The judgment of the trial court is hereby reversed and this matter is remanded for a new trial.
Vukovich and DeGenaro, JJ., concur.